FRANK M. GRAY AND SHIRLEY GRAY, PLAINTIFFS AND APPELLANTS, *v.* SETH F. BOHART, ADMINISTRATOR OF THE ESTATE OF J. D. BURROWS, DECEASED, ET AL., DEFENDANTS AND RESPONDENTS.

No. 9620.

Submitted April 29, 1957. Decided June 5, 1957.

312 Pac. (2d) 529.

Mr. Ernest A. Peterson, Mr. E. F. Bunker, Bozeman, Mr. E. K. Cheadle, Billings, for appellant.

Mr. Seth F. Bohart, Bozeman, for respondent.

Messrs. Morrow, Nash & Thompson, Bozeman, amici curiae.

Mr. Peterson, Mr. Cheadle, Mr. Bohart, Mr. Arthur F. Thompson and Mr. James H. Morrow, Jr., argued orally.

MR. CHIEF JUSTICE HARRISON:

This matter has been before this court on two previous occasions. The first was a petition for writ of mandate, which was denied in Cause No. 9507, State ex rel. Gray v. District Court, 128 Mont. 621, 278 Pac. (2d) 1005, on January 22, 1955. This

was followed by an appeal from the judgment which appeal was dismissed in Cause No. 9518, Bohart v. Gray, 128 Mont. 622, 279 Pac. (2d) 698, on February 8, 1955. On May 6, 1955, the instant action was instituted for the purpose of vacating and setting aside the judgment heretofore appealed from. To this complaint a demurrer was filed by the defendant administrator on the ground that the complaint did not state facts sufficient to constitute a cause of action.

Defendant administrator also filed a motion to quash but no action was taken thereon, and it need not be further considered. Thereafter a hearing upon the demurrer was had and at the conclusion thereof the court made and entered an order sustaining the demurrer, and denying plaintiffs further time in which to plead. Thereafter judgment was entered that the plaintiffs take nothing by the action, and that the same be dismissed upon its merits with prejudice, from which judgment the plaintiffs appeal.

Plaintiffs contend error in (1) sustaining the general demurrer; (2) refusing leave to amend complaint; and (3) in rendering judgment.

The complaint alleges that a certain action of which the court had jurisdiction was tried on its merits before a judge sitting without a jury; that findings of fact and conclusions of law were filed therein; that thereafter a judgment was signed by the presiding judge outside the district in which the cause was tried; that notice of entry of judgment was served and filed; that thereafter notice of motion for new trial was given and motion to strike the same was thereafter sustained by the court; that notice of appeal to the supreme court was filed, and that said appeal was dismissed.

R.C.M. 1947, section 93-8020, provides: ''The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal.''

By the opinion of this court on the former appeal, Bohart v. Gray, supra, it was held: ''Now therefore on respondent's mo-

524

tion for a dismissal of the appeal it is ordered that such motion be and it is granted and the appeal is ordered dismissed with prejudice.''

The subject matter of the complaint filed in this cause is the validity of the judgment made and entered in that cause and by virtue of the decision of this court, and the applicable statute, said judgment has been affirmed.

In Libin v. Huffine, 124 Mont. 361, 363, 224 Pac. (2d) 144, 146, Mr. Chief Justice Adair in discussing a successive appeal from a judgment upon which a former appeal had been dismissed by this court stated: ''Where as here an appellate court has unqualifiedly affirmed a judgment of the trial court, it would obviously and unnecessarily protract litigation to allow further or successive appeals from the judgment so affirmed. Such successive appeals in fact would be appeals attempted to be taken from the decision of the appellate court itself.''

Further in that opinion he quoted from 2 Freeman on Judgments, 5th Ed., section 6359, pages 1345 and 1346 wherein it is stated: ''The judgments of appellate courts are as conclusive as those of any other court. They not only establish facts, but also settle the law, so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause, and they are *res judicata* in other cases as to every matter adjudicated.''

The same reasoning applies here for if a judgment affirmed on appeal cannot be the subject of a further appeal it then follows that it cannot again be challenged by another action in the district court. The plaintiffs here have exhausted their remedies insofar as this judgment is concerned when no question of fraud, perjury or other collusive action appears. There must be an end to litigation and in this matter it has been reached. There exists no way that the complaint could have been amended to state a cause of action.

The judgment is affirmed.

MR. JUSTICES CASTLES, ANGSTMAN, BOTTOMLY and ADAIR, concur.