ERVIN J. WEINHEIMER AND STELLA A. WEINHEIMER, PLAINTIFFS AND APPELLANTS, *v.* LEWIS H. SCOTT AND KATHERINE A. SCOTT, DEFENDANTS AND RESPONDENTS.

No. 10665

Submitted December 12, 1963. Decided January 27, 1964.

Rehearing denied February 6, 1964.

388 P.2d 790.

DeKalb, Mondale & Johnson, Robert L. Johnson (argued), Lewistown, for appellants.

J. E. McKenna, Donald E. Ronish (argued), Lewistown, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This matter comes on a "Motion for Damages and to Dismiss an Appeal." In addition, on an "Affidavit of Contempt" filed by respondents' counsel, the matter of contempt of court is before us.

The situation giving rise to this somewhat unusual proceeding is as follows as appears from affidavits of counsel and records of this court. In this court's Cause No. 10375, entitled Scott v. Weinheimer, 140 Mont. 554, 374 P.2d 91, we affirmed in favor of Scotts the judgment of the district court. This opinion was rendered on July 13, 1962. Rehearing was denied on August 31, 1962.

Subsequently on January 11, 1963, the Weinheimers, the defendants in Cause No. 10375 filed their complaint against the Scotts, who were the successful plaintiffs in Cause No. 10375. This complaint is now Cause No. 10665 in this court. Weinheimers and Scotts are represented by the same counsel as before and are the identical parties.

In the district court, attorneys for defendants Scott moved to dismiss the complaint on several grounds, and in particular that by reason of the judgment in Cause No. 10375, the matters complained of were res adjudicata. The motion to dismiss was granted and judgment entered on April 15, 1963.

Notwithstanding notice of appeal was filed and a transcript on appeal filed on October 16, 1963, in this court. On November 5, 1963, respondents Scott filed their "Motion for Damages and to Dismiss Appeal or to Affirm." On November 6, 1963, an "Affidavit on Contempt of Court" was filed by counsel for respondents together with a prayer for an "Order to Show Cause" to issue against appellants Weinheimer and their counsel Robert L. Johnson.

On ex parte hearing we issued an Order to Show Cause re-

turnable on December 9, 1963, to show cause why the appeal should not be dismissed with damages for prosecution of a frivolous appeal and also to show cause why they, appellants, their counsel and each of them should not be held in contempt of court.

Return was made by Robert L. Johnson, counsel, and separately by Ervin J. and Stella A. Weinheimer. At the same time motions to strike the motion to dismiss as sham and premature, a motion to quash the proceedings in contempt, and a motion to strike from the files the Affidavit on Contempt were filed by Johnson.

Oral argument was had on December 9, 1963. During the course of oral argument, counsel Johnson, in response to questions from the bench, took sole responsibility, in effect absolving his clients of either damage for frivolous appeal or contempt.

Returning now to the complaint in Cause No. 10665, the subject of this action. Paragraph I sets forth that the previous judgment in No. 10375 was affirmed by this court, that rehearing was denied. Paragraph II then states in part, "That said judgment is not supported by the pleadings filed in said action * * *." Paragraph III then states: "That in appealing from said judgment plaintiffs herein duly and regularly assigned as a specification of error the fact that this Court [District Court] erred in entering a decree not supported by the allegations of the Complaint, and that it affirmatively appears from the opinion of the Supreme Court of the State of Montana in affirming said judgment that said Supreme Court overlooked this."

Here we have a case of simply attempting to re-litigate as plaintiff a cause of action already litigated. The very point made in paragraph III of the complaint was set forth as a specification of error in Weinheimer's brief in the previous appeal. On their petition for rehearing, Weinheimers' counsel, Robert L. Johnson, in strong language brought the same mat-

ter to the court's attention. In that petition for rehearing, counsel Johnson in zealous, vigorous, and yea bordering on contemptuous language called this court's attention to Canons 19 and 20 of the Judicial Canons of Ethics as if to charge the court with violating them.

This brief recitation of what is involved on the motion to dismiss as a frivolous appeal and assess damages suggests its own answer. Rule 19 of Rules of the Supreme Court provides for assessment of damages for appeal without merit.

In Libin v. Huffine, 124 Mont. 361, 363, 224 P.2d 144, 146, this court said:

"Where as here an appellate court has unqualifiedly affirmed a judgment of the trial court, it would obviously and unnecessarily protract litigation to allow further or successive appeals from the judgment so affirmed. Such successive appeals in fact would be appeals attempted to be taken from the decision of the appellate court itself." And see also Gray v. Bohart, 131 Mont. 522, 312 P.2d 529. It is clear then that the motion to dismiss is well-taken.

Before discussing damages for a frivolous appeal, we shall turn to the matter of contempt. Members of this court are not so far removed from the practice of law but that they admire strong advocacy of a cause or a client. They also are not so "thin-skinned" as to be touchy or chary of criticism or strong words.

R.C.M.1947, § 93-9801, sets forth grounds for contempt. Also R.C.M.1947, §§ 93-1101, and 93-1102, provide that a subsequent application for an order once refused may be punished as a contempt.

In State ex rel. Hurley v. District Court, 76 Mont. 222, 246 P. 250, this Court held that courts are vested by their creation with power to impose silence, respect and decorum in their presence, and submission to their lawful mandates.

In that same case Chief Justice Callaway discussed contempt matters generally. He termed one phase "a delicate and diffi-

cult subject," and further that each case must depend upon its own peculiar facts and circumstances. Also observed was the experience of counsel.

In the instant case there can be no question but that the court could conclude that Mr. Johnson's actions were and are contemptuous. Our problem is whether such a finding is consistent and necessary to maintain respect for our decision. In the Hurley case, supra, the court observed that Hurley was a lawyer of long experience and that his zeal overran his judgment. In our case we have an inexperienced counsel. We are impressed with the thought that he knew not the nature of his act. We will indulge the presumption of good faith on his part. We think, in view of our dismissal of the appeal and an assessment of damages on a frivolous appeal as discussed following, that the respect for decisions of this court will be maintained.

Under the circumstances here, no finding on contempt will be made.

Turning now to the matter of damages for frivolous appeal under our Rule 19. Counsel for Scotts were asked from the bench during oral argument as to whether they intended to offer evidence on damages. Their response was to the effect that the matter would be left in the court's discretion based upon the records and files. It appears that two trips from Lewistown to Helena for court appearances were required. Also that research and preparation of pleadings and briefs were required. No unusual or special damages were pleaded nor proven. Therefore, as against Counsel Johnson as damages for frivolous appeal, an amount of $500.00 in favor of respondents Scott is assessed as damages together with statutory costs on appeal, if any. It is so ordered.

The appeal is dismissed and damages assessed as above.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, ADAIR and DOYLE concur.