THE STATE OF MONTANA ex rel. IRENE A. RYDER, EXECUTRIX OF THE ESTATE OF BUCK O. RYDER, DECEASED, RELATOR, *v.* THE DISTRICT COURT OF THE FIFTEENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF ROOSEVELT, AND THE HONORABLE LeRoy L. McKINNON, DISTRICT JUDGE, RESPONDENTS.

No. 11119.
Submitted May 4, 1966. Decided July 19, 1966.
417 P.2d 89.

Rockwood Brown, Jr. (argued), Billings, for relator.

John M. Kline (argued), Glasgow, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Petitioner seeks a writ of supervisory control directing the district court of the Fifteenth Judicial District of the State of Montana, in and for the County of Roosevelt (hereinafter referred to as the District Court), and the Honorable LeRoy L. McKinnon, Judge presiding, to vacate its order denying motion to stay proceedings and to enter an order granting motion to stay proceedings in a cause entitled, Mary Lou Grandahl, Plaintiff v. Irene A. Ryder, Executrix of the Estate of Buck O. Ryder, deceased, Defendant, Civil Cause No. 6896.

An order for issuance of alternative writ was made by this Court on April 11, 1966. An answer was filed, counsel for respondents being the same as counsel for plaintiffs in the district court action, supra. The hearing on the application was held on May 4, 1966.

It appears that on February 18, 1965, Marlin A. Grandahl was a passenger in a private aircraft piloted by Buck O. Ryder. The plane took off from Minot, North Dakota. It crashed in the State of North Dakota near Blaisdell. The pilot Ryder was killed instantly, and the passenger Grandahl died about one hour after the crash, and was survived by his wife and four children.

In Sheridan County on June 9, 1965, a civil action (hereinafter referred to as the survival action) was commenced by Mary Lou Grandahl, Administratrix of the Estate of Marlin A. Grandahl, deceased, against Irene A. Ryder, executrix of the

Estate of Buck O. Ryder, deceased, Civil Cause No. 8353. A jury trial of the survival action was held in December, 1965, the Honorable Jack R. Loucks presiding. The judge directed a verdict for the plaintiff on the question of liability, and the jury on December 22, 1965, assessed the damages at $85,779.00 The court entered judgment on the verdict in favor of the plaintiff. The defendant's motion for a new trial was denied, and on January 17, 1966, the defendant filed her notice of appeal to this Court.

The defendant contends that the appeal in the survival action will involve several questions related to the issue of liability. Respondents admit that at least one question will be whether Montana law or North Dakota law should establish the degree of negligence that must be proven by the plaintiff in order to recover.

The airplane crash resulted in another civil action. On December 27, 1965, a civil action (hereinafter referred to as the wrongful death action) was commenced by Mary Lou Grandahl against Irene A. Ryder, Executrix of the Estate of Buck O. Ryder, deceased, Civil Cause No. 6896, in Roosevelt County. This action was brought by Mrs. Grandahl in her individual capacity and as representative of her four children.

On March 3, 1966, the plaintiff filed a motion for summary judgment contending that the liability and the proximate cause issues in the wrongful death action had been resolved by the judgment in the survival action. On March 8, 1966, plaintiff filed a motion seeking leave of court to use, in the wrongful death action, certain depositions, testimony, and exhibits which had been used in the survival action. The plaintiff stated: "That this Motion is made because the parties are the same, the counsel are the same and the Court will be greatly benefited by the use of the same matters which would only be an additional expense to all parties involved."

Defendant disqualified Judge Loucks from acting further in the wrongful death action on March 10, 1966. Defendant then

answered on March 11, 1966, and made a motion to stay proceedings. The motion was based "upon the grounds that certain substantial matters to be decided on appeal of said pending survival action will necessarily determine and affect the law and facts properly applicable to trial of the within wrongful death action and that unnecessary expenditure of time and expense on the part of the court, counsel and parties may be avoided by a stay of proceedings * * *.''

The hearing on the motion to stay proceedings was held on March 17, 1966, the Honorable LeRoy L. McKinnon, who had assumed jurisdiction, presiding. Judge McKinnon's order of March 31, 1966, denied the motion to stay proceedings.

The question presented in this proceeding is whether the district court abused its discretion in denying the motion to stay proceedings.

This is not a situation where one plaintiff is made to wait while the outcome of another plaintiff's suit is determined. Mrs. Grandahl and her counsel chose to file these actions separately. These two actions are very closely related. Plaintiff's counsel's actions clearly demonstrate this. (1) He contends that the issue of liability is the same in the survival action and the wrongful death action; (2) He seeks to use depositions, testimony, and exhibits from the survival action in the wrongful death action; and (3) He admits defendant's contention that several questions concerning the liability issue in the survival action will be presented to this court in the appeal of that action.

Thus, it appears to us that the wrongful death action will be greatly influenced by the outcome of the appeal in the survival action.

It is well-established that the writ of supervisory control can be used to control abuse of discretion by the district courts. State ex rel. Whiteside v. First Judicial District Court, 24 Mont. 539, 63 P. 395. It would be needless litigation to allow the wrongful death action to proceed to trial prior to a determination of the issues raised on the appeal in the survival action.

The district court has abused its discretion by denying the motion to stay proceedings.

It is ordered that the writ requested issue directing the district court and the Honorable LeRoy L. McKinnon, Judge presiding, to vacate the order denying motion to stay proceedings and to enter an order granting motion to stay proceedings.

MR. JUSTICES JOHN C. HARRISON, DOYLE, ADAIR and CASTLES concur.