STATE OF MONTANA ON RELATION OF METRO SANITARY AND STORM SEWER DISTRICT NO. 1, RELATOR, *v.* ROBERT S. NOLAND, MARJORIE F. NOLAND AND THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF SILVER BOW, RESPONDENTS.

No. 11179.
Decided July 27, 1966.
425 P.2d 326.

Robert J. Holland, Mark P. Sullivan, County Atty., Butte, for relator.

Memo Opinion.

PER CURIAM.

In this original proceeding an order to show cause was issued on July 18, 1966, returnable on July 29, 1966, which is as follows:

"PER CURIAM:

"In this cause upon reading and filing the verified petition of Relator, and the affidavits and exhibits annexed thereto, it appears to this court that Cause No. 54169, filed in the District Court of the Second Judicial District of the State of Montana, in and for the County of Silver Bow, and entitled Robert S. Noland and Marjorie F. Noland, husband and wife, Plaintiffs, vs. METROPOLITAN SANITARY AND STORM SEWER DISTRICT No. 1., a special improvement district, and Dan J. O'Connell, H. J. Johnson, and Gary Garret, County Commissioners of Silver Bow County, Montana, and ex-officio commissioners of said district, Defendants, has been instituted for the purposes of delay and vexation, in that in Cause No. 11136 of this court, being an appeal from the same district court as above stated, and such cause being entitled Tillie Duffie, Appellant, vs. Metropolitan Sanitary and Storm Sewer District No. 1, a special improvement district, and Dan J. O'Connell, H. J. Johnson, and Gary Garret, County Commissioners of Silver Bow County, Montana, and ex-officio Commissioners of said district,

Respondents, the same identical issues pleaded in the Noland case were there pleaded, the same parties were named as defendants, the same counsel appeared for the plaintiffs in both cases, and all issues raised were decided by this court in an Opinion filed on June 28, 1966, and the Noland complaint was thereafter filed in the district court on July 6, 1966, and it would appear that the filing of such complaint constitutes an effort to relitigate the issues decided in the Duffie case, and has been done solely for the purpose of vexation and delay, and that the filing thereof may constitute a contempt of this court;

"And it further appearing that this cause may be one wherein the opinions in Gray v. Bohart, 131 Mont. 522, 312 P.2d 529, or Weinheimer v. Scott, 143 Mont. 243, 388 P.2d 790, may be applicable;

"NOW THEREFORE, IT IS HEREBY ORDERED that The Acres Club, an association apparently involved in attempting to perpetuate this litigation, and its officers and agents, including but not limited to Earl A. Jamison, its President, be joined as Respondents in this cause;

"IT IS FURTHER ORDERED that the above-named litigating Respondents, and those by this Order joined as Respondents, be and appear before this court on the 29th day of July, 1966, at the hour of 10:00 o'clock A.M. on said day, to then and there show cause in writing, if any they have, why cause No. 54169, hereinbefore entitled, pending in the District Court of Silver Bow County should not be dismissed with prejudice, and why damages should not be assessed against such party litigant respondents for the prosecution of said civil cause;

"IT IS FURTHER ORDERED that the above-named Respondents, Robert S. Noland and Marjorie F. Noland, and their counsel Ludvig Tande and John Marriott Kline, be and appear before this court on the 29th day of July, 1966, at the hour of 10:00 o'clock A.M. on said day, to then and there show cause in writing, if any they have, why they, and each of them, should not be held in contempt of court by reason of the facts herein-

before set forth, and as contained in the petition and annexed exhibits filed in this cause;

"IT IS FURTHER ORDERED that a copy of the petition and annexed exhibits, together with a copy of this order to show cause, be served upon Robert S. Noland, Marjorie F. Noland, Earl A. Jamison, as President of The Acres Club, Ludvig Tande and John Marriott Kline, personally, and that such service may be made by any sheriff or peace officer of the State of Montana, such service to be made on or before the 22nd day of July, 1966.

"IT IS FURTHER ORDERED that all proceedings in the district court in Cause No. 54109, hereinbefore more fully described, be stayed until the further Order of this court, save and except that if Respondents file with such district court praecipe for dismissal thereof, said district court is authorized to make and enter an order of dismissal.

"IT IS FURTHER ORDERED that if Respondents do file such praecipe for dismissal and the said district court does make and enter its order for dismissal thereof, that if certified copy of such order for dismissal executed by said district court be transmitted to this court on or before July 27, 1966, this Order to Show Cause will be quashed in its entirety and this original proceeding will be dismissed.

"DATED this 18th day of July, 1966."

There has been filed in this court a certified copy of a praecipe for dismissal of the district court action which constituted the basis for this proceeding, being cause No. 54169 of the District Court of Silver Bow County, entitled Robert S. Noland and Marjorie F. Noland, husband and wife, Plaintiffs, vs. Metropolitan Sanitary and Storm Sewer District No. 1., a special improvement district, and Dan J. O'Connell, H. J. Johnson, and Gary Garret, County Commissioners of Silver Bow County, Montana, and ex-officio commissioners of said district, Defendants, and of an order of the district court dismissing said action

with prejudice. In our order to show cause it was provided that if this district court action was dismissed on or before July 27, 1966, the order to show cause would be quashed and this proceeding dismissed.

It is therefore ordered that the order to show cause issued on July 18, 1966, be, and it hereby is, quashed in its entirety and this original proceeding is dismissed.