STATE OF MONTANA UPON THE RELATION OF BUTTREY FOODS, INC., A MONTANA CORPORATION, RELATOR, *v.* DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF DEER LODGE, AND THE HONORABLE JAMES D. FREEBOURN, DISTRICT JUDGE THEREOF, PRESIDING, RESPONDENTS.

No. 11246.
Submitted November 14, 1966. Decided December 8, 1966.
420 P.2d 845.

Jardine, Stephenson, Blewett & Weaver, John D. Stephenson (argued), Great Falls, Maurice Maffei (argued), Butte, for relator.

John L. McKeon, William A. Brolin (argued), Anaconda, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding. Petitioner seeks a writ of supervisory control directing the district court of the third judicial district of the State of Montana, in and for the county of Deer Lodge (hereinafter referred to as the District Court), and the Honorable James D. Freebourn, Judge presiding, to vacate its order denying the motion to dismiss and to enter an order granting the motion to dismiss in civil cause No. 9874.

The petitioner, defendant in cause No. 9874, is Buttrey Foods, Inc., a Montana corporation, and will be hereafter referred to as Buttrey. The plaintiffs in cause No. 9874 are Carl M. Horn, Lorna M. Horn, individually, and Carlo-Gene, Inc., a Montana corporation, and Eugene Patti, individually, and Carl M. Horn and Lorna M. Horn and Eugene Patti, doing business under the firm name and style of Carlo-Gene, Inc., and will be hereafter referred to as the plaintiffs.

Following an ex parte hearing an alternative order to show cause was issued by this court on October 31, 1966. A motion to quash the alternative order to show cause was filed on No-

vember 14, 1966, the return day; counsel for respondents being the same as counsel for plaintiffs in the district court action.

The relevant facts of this matter are these. Buttrey owned a shopping center in Deer Lodge County. On January 9, 1961, Buttrey, as landlord, entered into a written lease with City Products Corporation (Butler Brothers Division), as tenant, for a portion of the shopping center. A provision of the lease gave the tenant the exclusive right to operate a variety store or a variety-drug store in the shopping center. Buttrey, as landlord, further agreed not to lease or permit any other portion of the shopping center to be used for such purposes. The lease also permitted City Products Corporation to sublease the property.

On August 7, 1961, City Products Corporation subleased the leased property to the plaintiffs, Carl M. and Lorna M. Horn. Buttrey was not a party to this sublease agreement. This sublease agreement contained no provision concerning a grant of an exclusive franchise to the plaintiffs. Also, the sublease agreement contained a provision which stated that "Subtenant [plaintiff Carl M. and Lorna M. Horn] also covenants and agrees that sublessor [City Products Corporation] shall not be liable for any default caused by the Landlord [Buttrey] under the Underlying Lease [the lease of January 9, 1961] and shall not be obligated to cure any such default * * *." The parenthetical phrases that appear in the quoted portion of the sublease agreement are merely explanatory and do not appear in the sublease agreement itself.

On May 20, 1966, plaintiffs filed their complaint in civil cause No. 9874. The complaint contains nine paragraphs, plus a prayer for judgment and a request for a jury trial.

Paragraphs 1, 2, and 4 set forth the existence of the lease agreement, the sublease agreement, and a supplemental agreement which related to the lease, and incorporate these agreements into the complaint. Paragraph 3 sets forth the various

plaintiffs and explains how they are related to the operation of the business in the leased property.

Paragraph 5 states "That the Defendant, Buttrey Foods, Inc., did violate the provisions of said lease by conducting a business as a variety store, or a store selling substantially all of the merchandise sold in a variety store."

Paragraphs 6, 7, 8, and 9 deal with the various elements of damages that have been allegedly suffered by plaintiffs due to this alleged breach of the lease agreement by Buttrey.

On June 29, 1966, Buttrey moved to dismiss the action "for the reason that the Complaint fails to state a claim against Defendant upon which relief can be granted." This motion was denied by the district court in its order of September 30, 1966.

The first issue presented by this proceeding is whether the complaint states a claim against Buttrey upon which relief can be granted.

We have previously reviewed the various paragraphs of the plaintiff's complaint. Paragraph 5 attempts to state a claim for relief against Buttrey in the nature of a breach of contract action. However, in Hyink v. Low Line Irrigation Co., 62 Mont. 401, 404, 405, 205 P. 236, 237, this court defined privity of contract and the rule to be applied to determine whether or not privity of contract exists in these words:

"'Privity,' as used with respect to contracts, leases, etc., implies a connection, mutuality of will, an interaction of parties. To constitute either an express contract or one by implication upon which an action at law may be based, the parties must occupy toward each other a contract status, and there must be that connection, mutuality of intention, and interaction of parties generally expressed by the term 'privity.' [Citing cases.] For one not a party to a contract to successfully bring suit upon it, or for a party to a contract to successfully sue one not a party to it, the privity above defined must exist."

The mere allegation of a breach by Buttrey of a lease agreement to which plaintiffs are NOT parties surely does not establish the requisite privity of contract. Further, applying the rule of Hyink case, supra, we are unable to find any allegations in the plaintiffs' complaint that establish the requisite privity of contract between plaintiffs and Buttrey. Therefore, we hold that the complaint fails to state a claim against Buttrey upon which relief can be granted to the plaintiffs.

The district court erred in not granting the motion to dismiss.

The second issue presented is whether this case is a proper one for the use of the writ of supervisory control.

As we have previously shown, plaintiff's complaint does not state a claim against Buttrey upon which relief can be granted. The order denying Buttrey's motion to dismiss is not an appealable order. Rule 1, M.R.Civ.P. Thus, Buttrey will be forced to participate in needless litigation if this Court does not issue a writ of supervisory control.

In State ex rel. Regis v. District Court et al., 102 Mont. 74, 77, 55 P.2d 1295, 1297, this court described the nature and use of the writ of supervisory control in this manner: "* * * it is in the nature of a summary appeal—a shortcut—to control the course of litigation in the trial court * * * and may be employed to prevent extended and needless litigation." Recently in State ex rel. Ryder v. District Court, 148 Mont. 56, 417 P. 2d 89, the writ was used to prevent needless litigation. This is a proper case for the use of the writ. See, also, Rule 17, M.R. App.Civ.P.

It is ordered that the writ requested issue directing the District Court and the Honorable James D. Freebourn, Judge presiding, to vacate the order denying the motion to dismiss and to enter an order granting the motion to dismiss.

MR. JUSTICES JOHN C. HARRISON, CASTLES, DOYLE and ADAIR concur.