THE STATE OF MONTANA ex rel. STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Relators, v. THE DISTRICT COURT OF THE THIRTEENTH JUDICIAL DISTRICT of the State of Montana in and for the County of Yellowstone, and the HONORABLE GUY C. DERRY, District Judge presiding, Respondents.

No. 11275.
Submitted January 23, 1967. Decided January 30, 1967.
423 P.2d 291.

Crowley, Kilbourne, Haughey, Hanson & Gallagher & Krieg, Billings, Gareld F. Krieg (argued), Billings, for relators.

Sandall, Moses & Cavan, Billings, John Cavan, Jr. (argued), Jeffrey J. Scott (argued), Billings, for respondents.

PER CURIAM.

This is an original proceeding, seeking a writ of supervisory control.

Relator was defendant in Wolff v. Standard Life & Accident Insurance Co., Cause No. 10993, which case was decided by this court in an opinion filed May 3, 1966, 147 Mont. 460, 416 P.2d 11. In that opinion, the cause was remanded to the district court, granting a new trial unless plaintiff within ten days after remittitur filed his consent to a reduction of the judgment to $3,090 plus interest since September 13, 1960. Plaintiff did not consent.

The defendant, relator here, has tendered the amount of the above, plus interest, less costs as provided in this court's opinion, and, in effect, confessed judgment in this amount. Then, defendant moved for summary judgment.

The grounds for the motion was that in its opinion this court determined that plaintiff's recovery should be limited to benefits under the insurance policies involved to the period prior to September 13, 1960, so that the only issue remaining for trial was the liability, if any, for any benefits payable prior to that date.

The presiding judge ordered the new trial in conformity with our opinion, disqualified himself, and called in the Honorable Judge Guy C. Derry, respondent herein. Judge Derry ruled on the motion for summary judgment, denied the same and set the matter for trial. This application for supervisory control was then made.

On ex parte hearing, we issued an order to show cause as to why the writ should not issue. Answer and return was made, with a motion to quash the order to show cause. Counsel for plaintiff below represents the district court and plaintiff in the return.

Two questions are presented.

(1) Is plaintiff precluded as a matter of law from recovering benefits under the policies in dispute after September 13, 1960,

so that the district court erred in denying the defendant's motion for summary judgment?

(2) Is this a proper case for use of the writ of supervisory control?

The determination of both questions is dependent upon what we said in our opinion heretofore referred to. Thus, we shall, without elaboration, briefly allude to our opinion. In that case, at trial the entire testimony came from plaintiff Wolff and his wife. The defendant offered none. After setting forth numerous activities we said:

"Our long recitation shows clearly that regardless of the extent of the respondent's disability, he was not confined within doors nor did he have regular medical treatment while confined within doors. This is *crystal clear* as to all periods after September [13] of 1960. We shall revert to the period between February 17, 1960, and September 13, 1960, later." (Emphasis supplied.)

Later in the opinion it was said:

"Error 4 is that a directed verdict should have been granted defendant. However, as noted heretofore, the period of time between plaintiff's discharge from the hospital on crutches on February 17, 1960, until plaintiff's participation in litiigation in Forsyth on September 13, 1960, was left until now. Appellant-defendant Insurance Company put on no proof except one medical witness. All of the evidence came from plaintiff and his wife. Under their testimony, the only non-confinement testified to was in June 1960, a trip to the Veterans Administration Hospital in Miles City where plaintiff was hospitalized. This can hardly be conclusively classed as non-confinement under offered instruction 18. The only proof was plaintiff's statement to the effect that he was for all practical purposes confined. His *first venture, really, for other than therapeutic reasons under the proof was to Forsyth on September 13, 1960.* Therefore we hold that the trial court was not in error in denying the

motion for directed verdict. Under the evidence, at least an issue for the jury was present.

"Having determined that the motion for directed verdict was properly denied, we turn to specification of error 5. The appellant-defendant moved the court to direct the jury that its verdict under the proof could not exceed $3,090, or the monthly indemnity payable between February 17, 1960, and September 13, 1960. This period of time is between discharge from the hospital and what would appear to be under the proofs in this record the first real and definite nontherapeutic venture to attend trial proceedings at Forsyth. In the interim, plaintiff had taken one trip to the Veterans Administration Hospital at Miles City. After September 13, the departures from within doors *were numerous, regular and varied in purpose.* As mentioned before a jury question was presented as to whether plaintiff was confined as defined in defendant's offered instruction 18. *At the very least,* the defendant was entitled to a new trial as contained in its motion. [Emphasis supplied.]

"Now, however, as to specification of error 6. It reads that the 'Court erred in denying defendant's motion for judgment in accordance with the motion for directed verdict or new trial.' In the proceedings, after the trial court denied a motion for directed verdict on the basis that no proof of confinement had been made, a motion, in part, as follows was made:

" 'This motion is made upon the ground that the evidence shows conclusively that the plaintiff was not confined within doors as required by the policies after September 13, 1960 * * *.'

"This we believe to be an admission by defendant of liability in the amount of $3,090.00. *In an effort to avoid further litigation,* the cause is remanded to the district court, with directions to grant a new trial *in accordance with this opinion,* unless within ten days after the remittitur is filed with the clerk of that court, the plaintiff shall file his written consent that the judgment may be reduced to $3,090.00, together with interest at 6 percent thereon since September 13, 1960. If consent is given,

the judgment will be modified accordingly and, as modified, will stand affirmed. [Emphasis supplied.]"

It seems on reflection that the only way we could have expressed ourselves more clearly was to have expressly limited the new trial to the period of time from February 17 to September 13 and then said and "none other."

As it was, he said "in accordance with this opinion." Having referred to the facts as being "crystal clear" and again, "after September 13, the departures from within doors were numerous, regular and varied in purpose"; and, having particularized our discussion to the motion for directed verdict as to the exact period, and having referred to Specifications 5 and 6 concerning the motion for directed verdict and motion for new trial in the manner we did, it seems that our description of what we considered an admission of liability, and in "our effort to avoid further litigation" we made it clear that the new trial was deliberately and distinctly limited to the period from February 17 to September 13. For all that appeared in the trial, the defendant, had it chosen to do so, had a defense even during that period.

However, as expressed before, the defendant thereafter "confessed judgment" as we have used the term. There remained nothing further to be tried.

Counsel for respondents make an interesting argument. They argue, after determining that we did not mean to restrict the new trial in accordance with our opinion, that in approving Instruction 18, as discussed in our previous opinion, a jury issue remained even after September 13, because the trip to Forsyth to attend trial might have been for "substantially therapeutic purposes." In oral argument this was departed from by arguing that the Forsyth trial, being his own lawsuit, his appearance was necessary, and was still a "substantial confinement" or a "necessary deviation from confinement indoors on account of occurrences or emergencies over which he has no control" as discussed in Mutual Benefit Health & Accident Ass'n v.

Milder, 152 Neb. 519, 41 N.W.2d 780, quoted from in our previous opinion.

Respondent reasons that attendance at trial of your own litigation is an "emergency over which he had no control." We reject this reasoning. The record in the previous case of which we take judicial notice does not reveal any emergency or any lack of control even if we were to consider this feature.

So far, we have been setting forth our opinion merely to show how clear we think it was. Now, however, we proceed to the second question, viz., is this a proper case for supervisory control?

Basically, the defendant and respondent argue that since there is a right of appeal, that no "exigency or emergency" exists sufficient to justify the extraordinary relief. State ex rel. Seader v. Dist. Ct., 143 Mont. 475, 389 P.2d 178.. In the Seader case, supra, we found that the remedy of appeal was sufficient and denied the writ. In two other cases, State ex rel. Ryder v. Dist. Ct., 148 Mont. 56, 417 P.2d 89, and in State ex rel. Buttrey Foods, Inc. v. Dist. Ct., 148 Mont. 350, 420 P.2d 845, even where a remedy by appeal existed, we granted writs.

In these latter cases, rather unusual situations existed, and we found such an abuse of discretion by the district court as to amount to a denial of justice. In the Ryder case, this court found that one decision would have a direct effect on another case coming up for trial; in the Buttrey case, the pleadings themselves demonstrated that Buttrey was not even a proper party. Again, such an abuse of discretion to refuse to dismiss, in the face of lengthy and costly litigation, was found to be a proper situation for the issuance of an extraordinary writ.

In the instant case, where the only issue is an interpretation of our own opinion, we believe the remedy of needless litigation and appeal is not adequate.

In Weinheimer v. Scott, 143 Mont. 243, 388 P.2d 790, wherein a district court dismissed a second case between the same parties on the same issue and in which case this court had pre-

viously rendered an opinion, an appeal was taken. Not only did we dismiss the appeal but we assessed costs against counsel for a frivolous appeal. It is not suggested that the instant case is analogous, but that where litigation on a new trial is contrary to our opinion, such a situation gives rise to an exigency and emergency calling for extraordinary relief.

Accordingly, let the writ issue directing the entry of judgment below in accordance with the tender of the relator here; or as we have termed it the confessed judgment. It is so ordered.