No. 12387

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

FARMERS STATE BANK OF CONRAD,
A Montana banking corporation,

Plaintiff and Respondent,

-vs-

CARL O. IVERSON, et al,

Defendants

and

RALPH BOUMA and MRS. RALPH BOUMA,

Petitioners and Appellants.

---

Appeal from: District Court of the Ninth Judicial District,
Honorable R. D. McPhillips, Judge presiding.

Counsel of Record:

For Appellants:

Dale L. Keil and Gale R. Gustafson argued, Conrad,
Montana.

For Respondent:

Church, Harris, Johnson and Williams, Great Falls,
Montana.
C. S. McCracken argued, Great Falls, Montana.
Swanberg, Koby and Swanberg, Great Falls, Montana.
Raymond F. Koby argued, Great Falls, Montana.
Dzivi, Conklin, Johnson and Nybo, Great Falls, Montana.
James W. Johnson argued, Great Falls, Montana.

---

Submitted: March 27, 1973

Decided: MAY - 3 1973

Filed: MAY - 3 1973

*Thomas J. Kearney*
Clerk

Hon. Edward T. Dussault, district judge, sitting in place of Mr. Chief Justice James T. Harrison.

This is an appeal from an order of the district court of Pondera County made August 29, 1972, striking the motion of petitioners and appellants to set aside the district court judgment of October 2, 1967.

To fully understand this appeal a brief review of the long litigation involving four separate cases in Pondera County is appropriate at this point.

It all began in August 1965, when the Farmers State Bank of Conrad, plaintiff and respondent herein, filed its complaint in cause No. 7779 in the ninth judicial district, County of Pondera, to collect on several notes totaling in excess of $104,000 given to it by Carl O. Iverson and others, defendants herein, said notes being secured by stock of Larry C. Iverson, Inc., a Montana corporation. This corporation then had assets in land and chattels in Pondera and adjacent counties, in excess of a million dollars, but had considerable other indebtedness not pertinent to this discussion.

Extensive proceedings followed resulting in a sheriff's sale of the pledged corporate stock to plaintiff and a judgment for plaintiff on October 2, 1967, by the district court approving the sale of the stock, although it allowed the corporation to prevent a forfeiture of its stock if its terms of its August 22, 1966 "purchase of indebtedness" agreement made in open court were complied with by October 10, 1967. This compliance never occurred so the judgment became final.

From this judgment an appeal to this Court was taken by defendants but never perfected.

Up to this point it is to be noted that petitioners and appellants were not parties to this litigation, nor in any other causes of action being Nos. 8073 and 8221, Pondera County, both

of which involve the appointment of a receiver for the Carl O. Iverson Corporation and operation of the corporate properties.

There is a cause of action however in which petitioners and appellants are involved as defendants, and that is cause No. 8509, Pondera County, wherein the receiver of the Carl O. Iverson Corporation is seeking to have set aside a "contract for deed" executed on July 17, 1968 by purported officers of the corporation as seller to the petitioners as buyers, and a "farm operation" agreement between the corporation and petitioners and appellants dated June 16, 1967.

Now going back to the original action, cause No. 7779, from which this appeal found its beginning.

Commencing with July 1972, petitioners and appellants began filing in this proceeding certain documents now known as "Bouma papers". These papers consist of an affidavit of disqualification, petition to set aside judgment of October 2, 1967, motion for stay of proceedings, affidavit, application for oral hearing on motion, motion for advisory jury, brief in support of motion, motion to strike nonparties post-judgment, statement for the record and brief in support of motion to stay proceedings, all filed pro se.

On August 29, 1972 the district court entered its order, filed August 30, 1972, finding:

> "all of said filings of said Ralph and Mrs.
> Ralph Bouma in said cause are frivolous,
> entirely without merit, and that Ralph Bouma
> and Mrs. Ralph Bouma are not entitled to any
> relief of whatever nature in said cause, and
> are strangers into said cause without any right
> whatever to be heard or otherwise participate
> therein;
>
> "NOW THEREFORE * * *
>
> "* * * they are hereby stricken from the above
> entitled cause as frivolous".

- 3 -

From this order petitioners and appellants have appealed to this Court and from the date of filing the notice of appeal, September 12, 1972, are finally, publicly and openly represented by counsel.

We have experienced little difficulty in finding that the trial court was correct and we so hold.

From a careful review of the three district court files we fail to find that petitioners and appellants ever filed appropriate papers seeking to intervene in any case in which they now say they are "interested parties".

Rule 32 of the Montana Rules of Appellate Civil Procedure provides:

> "If the Supreme Court is satisfied from the
> record and the presentation of the appeal,
> that the same was taken without substantial or
> reasonable grounds, but apparently for purposes
> of delay, only, such damages may be assessed
> on determination thereof as under the circum-
> stances are deemed proper".

We have previously held that frivolous appeals will not be condoned and to dissuade such practice, damages may be assessed. We refer to Weinheimer v. Scott, 143 Mont. 243, 388 P.2d 790, and St. Paul Fire & Marine Ins. Co. v. Thompson, 150 Mont. 182, 433 P.2d 795.

As a restraint on the activities of petitioners and appellants, we hereby assess damages of $1,000 upon them, to be paid to the plaintiff and respondent within one month after filing of remittitur in the trial court.

In addition we must comment on the "back door" attempt by petitioners and appellants to introduce extraneous evidence in these proceedings by attaching Appendix "A", "B" and "C" to their brief on appeal. Said appendices being affidavits of appellant Ralph Bouma, to which are attached photostatic copies

- 4 -

of certain citations and orders in causes 8073 and 8221, Pondera County, referred to previously.

We strongly condemn this practice by counsel for appellants and use this occasion to warn other parties to future appeals that this practice will not be tolerated.

The appeal is dismissed as frivolous.

Hon. Edward T. Dussault, district judge, sitting in place of Mr. Chief Justice James T. Harrison.

We concur:

Associate Justices

- 5 -