JERRY L. KRUSEMARK, AS THE SUCCESSOR IN INTEREST OF PARK VIEW MEMORIAL GARDENS, INC., A MONTANA CORPORATION AND MEMORIAL SERVICE, INC., A MONTANA CORPORATION, PLAINTIFF-APPELLANT, *v.* MARLENE HANSEN, A/K/A MARLENE H. SPAIN, ALAN R. CAPERS, PARK VIEW MEMORIAL GARDENS, INC. A MONTANA CORPORATION, AND FIRST SECURITY BANK OF LIVINGSTON, MONTANA, DEFENDANTS-RESPONDENTS.

No. 14632.
Jan. 19, 1979.
597 P.2d 48.

McKinley Anderson, Bozeman, for plaintiff-appellant.

Crowley, Haughey, Hanson, Toole & Dietrich, Billings, for defendants-respondents.

OPINION AND ORDER TO
DISMISS APPEAL

Plaintiff, Jerry L. Krusemark, filed a notice of appeal after the

District Court, Park County, granted the motion for summary judgment of defendants, First Security Bank of Livingston, Montana. The order granting the motion is dated November 3, 1978. However, to date the District Court has not entered judgment on the order.

On December 26, 1978, First Security Bank, one of four defendants in the above-captioned action, moved to dismiss plaintiff's appeal, contending that it had been prematurely filed.

Rule 54(b), Mont.R.Civ.P., provides:

"(b) JUDGMENT UPON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

First Security Bank contends that the District Court has not entered a final judgment in its favor, as required by Rule 54(b), and consequently, the District Court's order granting the motion for summary judgment is not appealable under Rule 1, Mont.R.App. Civ.P.

Krusemark resists the motion to dismiss by analogizing the order in this case with an order dismissing a complaint and denying leave to amend, which we held to be equivalent to a final judgment for purposes of appeal in *Prentice Lumber Co. v. Hukill* (1972), 161 Mont. 8, 504 P.2d 277.

"In a multiple claims action, if the district court adjudicates one or more but less than all of the claims and does not execute its certificate, i.e., does not make an 'express determination' and an 'ex-

press direction,' then the adjudication lacks finality". 6 Moore's Federal Practice § 54.04[3-6] at pp. 159-160.

Montana's Rule 54(b), as its Federal counterpart, requires the trial court to determine that there is no just reason for delay and direct the entry of judgment before judgment will be final as to one or more but fewer than all of the claims or parties in a multiple claim or multiple party action.

"The discretionary power to certify or to decline a certificate, in connection with an adjudication fully disposing of one or more but fewer than all of the multiple claims or parties, is lodged in the district court because of its first hand knowledge of the litigation. And while this power is subject to appellate supervision for abuse it will normally be respected by the appellate courts." 6 Moore's Federal Practice § 54.04[3-10] at p. 164.

It should be noted that in the federal system, a trial court abuses its discretion in certifying a judgment as final under Rule 54(b) if it fails to articulate its reasons for the certification. *Allis Chalmers Corp. v. Philadelphia Electric Co.* (C.A. 3 Pa. 1975), 521 F.2d 360, 32 A.L.R.Fed.751.

In the instant case, the District Court has resolved the dispute between Krusemark and one of the defendants. However, the District Court does not have to enter judgment on its decisions until the entire case is resolved. Krusemark's contention that the District Court's order is substantially the same as a final judgment and therefore appealable under the *Prentice Lumber* rule, is insufficient because here we must follow a well-defined rule of civil procedure. The judgment here is not final until Rule 54(b) has been complied with.

The appeal is dismissed without prejudice.