In re the MARRIAGE of EARL E. ADAMS, Petitioner and Respondent, and MILDRED A. ISSACSON ADAMS, Respondent and Appellant, VIOLETTE AGNES SMITH, Plaintiff in Intervention.

No. 14423.
March 21, 1979.
598 P.2d 197.

## OPINION AND ORDER TO DISMISS APPEAL

MR. JUSTICE SHEEHY delivered the opinion of the Court.

On November 30, 1977, Earl E. Adams, now deceased, filed a petition for declaration of invalidity of his marriage to Mildred Issacson Adams. The petition claimed the marriage was prohibited because the parties were first cousins. Mildred Adams filed an

answer and cross-complaint alleging fraud, misrepresentation and estoppel. On January 26, 1978, due to the death of Earl E. Adams, appellant, Mildred Adams, filed a supplemental answer alleging abatement of the cause of action and lack of proper party plaintiff. On February 14, 1978, Albert Adams and Hazel Bayers, brother and stepdaughter of Earl Adams, and co-personal representatives of his estate, were substituted as petitioners in the action commenced by the decedent.

This case involves multiple claims and multiple parties. Claims presented by the complaint and cross-complaint include a declaration of the invalidity of the marriage, support and maintenance, attorney fees, the reasonable value of appellant's services and compensatory and punitive damages for fraud and deceit. Parties involved in one or more of these claims include appellant, respondent and plaintiff in intervention.

The matter was tried on March 31, 1978 before the District Court, Fourteenth Judicial District, Musselshell County, sitting without a jury. The District Court entered its findings, conclusions and judgment decreeing the marriage invalid and void on May 25, 1978 but reserved judgment as to all other issues and claims raised by the pleadings. Mildred Adams filed notice of appeal from that judgment.

In *Krusemark v. Hansen et al.* (1979), 182 Mont. 291, 597 P.2d 48, we held the right of an immediate appeal from a partial judgment is governed by Rule 54(b), Mont.R.Civ.P. This Rule provides:

"(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When multiple claims for relief or multiple parties are involved in an action, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or par-

28

ties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In this case the District Court did not direct entry of a final judgment on the claim of invalidity of the marriage nor did it make an express determination that there is no just reason for delay in entering final judgment. Absent this determination and these directions there is no right of immediate appeal because the judgment is interlocutory and may be changed at any time prior to entry of a final judgment adjudicating all the claims and rights and liabilities of all the parties. 6 Moore's Federal Practice §§ 54.04 pp. 162-163, 54.40 p. 681. Unless a judgment is final, this Court is without jurisdiction to hear the appeal and make a determination. Rule 1, Mont.R.App.Civ.P.; *State ex rel. Raw v. City of Helena* (1961), 139 Mont. 343, 363 P.2d 720.

IT IS THEREFORE ORDERED:

(1) The appeal is *DISMISSED* without prejudice.

(2) If the District Court, in its discretion, executes the direction for final judgment required by Rule 54(b) and a timely appeal is thereafter taken, such appeal may be heard upon the present record, with proper supplementation and upon the present briefs, if the parties are so minded. See, *Krusemark v. Hansen et al.*, supra; 6 Moore's Federal Practice § 54.41(4) p. 773.

MR. CHIEF JUSTICE HASWELL and JUSTICES DALY, SHEA and HARRISON concur.