No. 14406

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

———————

DOROTHY BEAMER, ELSOM ELDRIDGE, JR.,
ART FORAN, CYNTHIA KLIMAS, LARRY KNUTSON
and MARY ROHN,

                  Plaintiffs and Appellants,

       -vs-

GEORGIA RUTH RICE, SUPERINTENDENT OF
PUBLIC INSTRUCTION OF THE STATE OF MONTANA,

                Defendant and Respondent.

———————

Appeal from:  District Court of the First Judicial District,
              Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellants:

    James W. Zion argued, Helena, Montana

    For Respondent:

    Cannon and Gillespie, Helena, Montana
    Richard Gillespie argued, Helena, Montana

———————

               Submitted:  February 8, 1979

               Decided:  APR 27 1979

Filed:  APR 27 1979

*Thomas J. Kearney*
                      Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the order of the District Court, First Judicial District, granting in part defendant superintendent's motion for summary judgment.

Plaintiffs/appellants are six former employees of the Office of the Superintendent of Public Instruction (OSPI). After election to the office of superintendent, defendant requested a letter of resignation from all members of the OSPI professional staff. She indicated that, upon receipt of these letters, she would meet with each of the members individually to "evaluate" their position on the staff. In their complaint, plaintiffs alleged that they were each dismissed without cause following the presentation of their requested resignations. They further alleged that they requested from defendant reasons for their dismissal, but that their request was refused.

Defendant's predecessor in office adopted an Affirmative Action program for the OSPI on March 26, 1976. That program included a plan for termination of employment procedures in section 904:

"Section 904  Termination

"Goal:
Terminations will be made for job related reasons only.

"Action Items
1.  Termination for cause will be made only after at least one evaluation session has been held to discuss the problem, remedial action has been requested, and reasonable time has been allowed for improvement unless the person's presence is a direct threat to the safety and continuation of the agency's function.

"2.  The EEO coordinator or a designee will conduct exit interviews and will provide documentation to the Personnel Services Manager who will keep a running log of the employees' reasons for termination. If there is any suggestion that discrimination is involved, the EEO coordinator or a designee will be asked to participate in the interviews. Apparent discrimatory actions will be investigated and corrected."

Plaintiffs alleged in their first claim for relief that section 904 constituted a contractual term of their employment and that defendant failed to live up to that contract in several particulars. Second, they alleged a tort, in that defendant acted maliciously toward them by disregarding the termination for cause plan. Third, plaintiffs alleged the tort of "outrage," in that defendant's willful disregard of section 904 caused them emotional distress. A fourth claim, a claim for lost wages, was dismissed by the District Court as being redundant.

Plaintiffs' fifth claim alleged a violation of section 64-317(1), R.C.M. 1947, now section 49-3-201 MCA, in that defendant failed to make a merit-based evaluation of the OSPI personnel before dismissing them. The sixth claim alleges that the dismissals were motivated by political favoritism, and were therefore arbitrary and capricious, and violated plaintiffs' state and federal constitutional rights. Plaintiffs' seventh claim alleged a violation of section 41-1311, R.C.M. 1947, now section 39-2-801 MCA, in that defendant failed to provide a "full, succinct, and complete statement of the reason of [their] discharge" when requested to do so. In their prayer for judgment, plaintiffs sought, inter alia, attorney fees under provisions of 42 U.S.C. §1988 (1976).

Defendant superintendent moved for summary judgment on plaintiffs' first, second, third and fifth claims. The District Court, in an order dated April 27, 1978, granted summary judgment to defendant on the first, second and third claims, set the fifth, sixth, and seventh claims for trial and denied plaintiffs' claim for attorney fees under 42 U.S.C. §1988. The District Court's reason for granting

summary judgment as to the first three claims was that those claims were all based upon section 904 of the OSPI Affirmative Action plan and that the superintendent lacked statutory authority to adopt such a plan. It denied plaintiffs' claim for attorney fees under 42 U.S.C. §1988 on the rationale that the attorney fees provision of that section is intended to apply only to federal courts and that absent a statute, stipulation by parties, or rule of court, attorney fees are not recoverable by the prevailing party.

Plaintiffs raise several specifications of error on the merits of the District Court's ruling but because we have determined that the order granting summary judgment as to some, but not all of their claims, is interlocutory and not appealable, we will not discuss those issues.

Plaintiffs presented seven separate claims for relief, three of which remain to be adjudicated at trial. This situation is not expressly contemplated in Rule 56, M.R.Civ.P., but requires reference to Rule 54(b), M.R.Civ.P. Rule 54(b) provides that a District Court may grant a final, appealable judgment as to some but not all of the claims involved in an action only if it makes an express determination that there is no just reason to delay an appeal on those claims and expressly directs entry of judgment:

> "When multiple claims for relief or multiple parties are involved in an action, the court may direct the entry of a <u>final</u> judgment as to one or more but fewer than all of the claims or parties <u>only</u> <u>upon</u> <u>an</u> <u>express</u> <u>determination</u> <u>that</u> <u>there</u> <u>is</u> <u>no</u> <u>just</u> <u>reason</u> <u>for</u> <u>delay</u> <u>and</u> <u>upon</u> <u>an</u> <u>express</u> <u>direction</u> <u>for</u> <u>the</u> <u>entry</u> <u>of</u> <u>judgment</u>. . ." (Emphasis added.)

Rule 54(b) goes on to provide that if the District Court fails to make the required "determination" and "direction," any order which adjudicates less than all of the claims does "not terminate the action as to <u>any</u> of the

claims" and the order remains "subject to revision" until the final entry of judgment adjudicating all the claims. (Emphasis added.) Thus, when Rule 54(b) is construed together with Rule 56(c), the result is that a District Court may enter a final appealable summary judgment if it rules on one or more but not all of a party's claims and makes the requisite "determination" and "direction" in its order. As Professor Moore comments on the identical Federal Rules:

> ". . . Neither Rule 56 nor any other Rule authorizes the trial court to translate an interlocutory adjudication of a part of a single claim into a final judgment. If, however, in an action involving multiple claims or parties, the trial court fully adjudicates one or more but fewer than all the claims, it can make that adjudication final by making the 'express determination' and the 'express direction' called for by Rule 54(b). Failing to do that the adjudication remains interlocutory." 6 Moore's Federal Practice ¶56.20[1] at 56-1204.

See also, In re Marriage of Adams (1979), ____ Mont. ____, ____ P.2d ____, 36 St.Rep. 565, 566; State ex rel. Marlenee v. District Court (1979), ____ Mont. ____, ____ P.2d ____, 36 St.Rep. 457, 459-60; 6 Moore's Federal Practice ¶56.21[1.-2] at 56-1271 to 1272; cf. Krusemark v. Hanson (1979), ____ Mont. ____, ____ P.2d ____, 36 St.Rep. 159 (involving multiple parties).

The "determination" and "direction" requirements of Rule 54(b) are intended to permit the District Court, in the first instance, to consider whether the judgment upon some, but not all, of a litigant's claims can properly be appealed. As described by the United States Supreme Court, the district court, in effect, "is used as a 'dispatcher'." "It is permitted to determine, in the first instance, the appropriate time when each 'final decision' upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." Sears, Roebuck & Co. v. Mackey (1956),

-5-

351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.ed 1297. In this way the District Court not only assists this Court by preventing "piecemeal appellate disposition" of what is more properly considered a single controversy, see, Eisen v. Carlisle & Jacquelin (1974), 417 U.S. 156, 170, 40 L Ed 2d 732, 744, 94 S.Ct. 2140, 2149, quoted in Ryan v. Occidental Petroleum (5th Cir. 1978), 577 F.2d 298, 301, but also permits the District Court to determine whether special circumstances require an immediate appeal:

> "'The inquiry requires some evaluation of the competing considerations underlying all questions of finality--"the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511 (1950).'" Occidental Petroleum, 577 P.2d at 301, quoting Eisen v. Carlisle & Jacquelin, 417 U.S. at 171, 40 L Ed 2d at 745, 94 S.Ct. at 2149.

In light of the "competing considerations," the reviewing court may, under limited circumstances, consider the appeal despite the lack of the express "determination" and "direction" required by Rule 54(b). Riggle v. State of California (9th Cir. 1978), 577 F.2d 579, 581 n. A; Huckeby v. Frozen Food Express (5th Cir. 1977), 555 F.2d 542, 546-47. In Huckeby, the Court of Appeals listed three circumstances which would permit an appellant to proceed in the absence of a Rule 45(b) determination and direction, none of which are applicable to our case here.

Plaintiffs argue that an alternative disposition is available, that this Court may issue a writ of supervisory control to the District Court reinstating their first three claims. However, such a writ would not surely terminate "needless litigation" as was the case in State ex rel. Buttrey Foods v. District Court (1966), 148 Mont. 350, 354, 420 P.2d 845, 847, and we decline to issue a writ.

The summary judgments appealed from are interlocutory and not appealable. The appeal is dismissed without prejudice.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices