No. 12514

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

GEORGE CAMPANELLA, as Receiver for the use
and benefit of LARRY C. IVERSON, INC., and
its shareholders,

Plaintiff and Respondent,

-vs-

RALPH BOUMA, MRS. RALPH BOUMA, his wife; et al.,
Defendants, Counter and/or
Cross-Plaintiffs and Appellants,

-vs-

FARMERS STATE BANK OF CONRAD, EARL M. BERTHELSON, and
UNITED BANK OF PUEBLO (formerly ARKANSAS VALLEY BANK),
Counter and/or Cross Defendants
and Respondents,

-vs-

RAY LIGHTNER and MRS. RAY LIGHTNER, his wife,
Cross-Defendants and Respondents,

-vs-

CARL O. IVERSON and LARRY C. IVERSON,
Petitioners for Intervention,
Counter and/or Cross-Plaintiffs and Appellants.

---

Appeal from:  District Court of the Ninth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellants:

Ralph Bouma (Pro Se) appeared, Ledger, Montana
Keil and Gustafson, Conrad, Montana
Dale L. Keil appeared and Gale R. Gustafson argued,
Conrad, Montana

For Respondents:

Dzivi, Conklin, Johnson and Nybo, Great Falls, Montana
James W. Johnson argued, Great Falls, Montana
Swanberg, Koby, Swanberg and Matteucci, Great Falls,
Montana
Raymond F. Koby argued, Great Falls, Montana
Church, Harris, Johnson and Williams, Great Falls, Montana
Cresap S. McCracken argued, Great Falls, Montana
James, Crotty, Fopp & Paul, Great Falls, Montana
G. Robert Crotty argued, Great Falls, Montana

Submitted:  March 19, 1974
Decided: APR - 5 1974

Filed:  APR - 5 1974

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an attempted appeal by defendants Bouma from an order dated March 23, 1972, by the Honorable Paul G. Hatfield made during the pleading stages, such order designed to settle the pleadings so that issues raised by the complaint might be pursued. This unusual attempted appeal at this stage makes our review and this opinion somewhat unorthodox. However, in an effort to aid subsequent proceedings, we will set forth more materials than necessary to decide the appeal.

In December, 1971, the respondent receiver commenced this action against the appellants Bouma for the rescission of the Bouma contract to purchase 4,520 acres of farmland from the corporation. The history of other litigation involving the corporation dates back to 1964. The latest case before this Court in the series of cases in Cause No. 12387, Farmers State Bank of Conrad v. Iverson, et al. and Bouma, reported at ____Mont.____, 509 P.2d 839, 30 St.Rep. 501. In that opinion a review of the long litigation was made and we will not repeat it here. But hereinafter we will refer to that opinion. The combined order in Pondera County Cause No. 8509 delineates and describes the complex situation and we quote the entire order as follows:

"I.

"A review of the court file in the above-entitled action reveals that the Plaintiff filed his complaint herein on or about December 10, 1971. Defendant Ralph Bouma filed his answer and supplemental answer on September 22, 1972, and November 28, 1972, respectively, setting forth twenty-eight separate defenses. Said Defendant filed his counterclaim, consisting of nine separate counts, on September 22, 1972. On December 19, 1972, Plaintiff filed alternative motions under Rule 12, M.R.C.P. to strike Counts One, Two, Three and Nine of said Defendant's counterclaim, or alternatively to dismiss said counts for their failure to state a claim for relief. Additionally said motion sought the dismissal of all of the remaining counts upon the same ground or, alternatively, seeking an order requiring a more definite statement of said remaining counts. These alternative motions were supported by Plaintiff by a memorandum filed January 5, 1973, and opposed by Defendant Ralph Bouma on February 7, 1973, by a motion to quash said motions, along with other pending motions. Plaintiff filed a reply memorandum on February 22, 1973, and a hearing upon said motions was held, by order of the Court, on March 1, 1973. The Court having considered the aforesaid motions, the memoranda in support thereof, the arguments by Ralph Bouma, appearing pro se, by James W. Johnson, appearing for the Plaintiff, and by Gale Gustafson appearing for Defendant, Mrs. Ralph Bouma (over the objection of Plaintiff's counsel

- 2 -

that Mrs. Ralph Bouma had no interest in motions going to the merits of her husband's sole counterclaim), and the court being cognizant of the condition and circumstances of the record in this cause to date and being fully informed in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

"(1) The Motion to Quash of Defendants Ralph Bouma and Mrs. Ralph Bouma is a motion unheard of in the law of this state and one not sanctioned by the Montana Rules of Civil Procedure. Such a motion was contrary to the former practice in this state (see State ex rel. McVay v. District Court, 126 Mont. 382, 251 P.2d 840) and is superfluous and unauthorized in the present practice. Said motion by said Defendants, filed herein on February 7, 1973, is hereby stricken. The memorandum filed in support of said Motion to Quash has been taken by the Court as a memorandum in opposition to the alternative motions of the Plaintiff and has been considered by the court.

"(2) Regarding Counts One, Two, Three and Nine of the counterclaim of Defendant Ralph Bouma, both alternative motions of Plaintiff's to strike or dismiss said Counts are well taken. For the reasons, and upon the authority cited in Plaintiff's brief, said counts fail to state a claim against Plaintiff upon which relief may be granted. It is unnecessary to grant such dismissal, however, as all of said counts are frivolous, impertinent and immaterial. The allegations in these four counts bear no relationship whatsoever to the parties or issues involved in this case, and actually are virtually unintelligible as to a cogent theory supporting the claims for relief. By the relief demanded, Mr. Bouma wishes to enjoin the effect of and eventually set aside previous final judgments of this court to which he was not a party. Such is a bald and unlawful collateral attack upon those judgments which were made upon due jurisdiction, or at least Mr. Bouma has not alleged otherwise. In addition, Mr. Bouma would have no standing to make such collateral attacks, even if it were allowable. These former judgments "affect" Mr. Bouma in that the chain of events has produced a receiver which is suing him. Since the Plaintiff receiver has alleged that he has been duly appointed and authorized and Mr. Bouma has denied those allegations, the receiver's standing is undoubtedly in issue in this case by the denials and defenses of Mr. Bouma. Such proof as both parties are able to adduce will go toward this issue. To a small extent such issue is involved with the allegations Mr. Bouma has set forth in these four counts of his counterclaim, and to that extent such allegations are not immaterial, however they are redundant. It would be an unwarranted stretching of the letter and theory of our procedural rules to allow these counts to stand. Taken as a whole, Counts One, Two, Three and Nine of Ralph Bouma's counterclaim are frivolous, redundant and impertinent, and are hereby stricken.

"(3) Plaintiff's motion to dismiss Counts Four, Five, Six, Seven and Eight of Defendant Ralph Bouma's counterclaim is hereby denied. The allegations of Counts Seven and Eight, if taken as true for purposes of said motion, clearly state a claim for relief against the Plaintiff corporation. The allegations of Counts Four, Five, and Six however, are deficient and antithetical in places, and are confusing overall. Because these counts were submitted by Mr. Bouma pro se, he shall have an opportunity to clarify the nature of his alleged claims. It would be wise for Mr. Bouma to consult with counsel as to the definition of fee simple ownership

and then to clarify Counts Four and Five as to the exact nature of the performance sought and the exact portions of the alleged agreements giving rise to such obligations. With regard to Count Six, Mr. Bouma must state his damages with particularity both as to the exact nature of the damage which is alleged to be the breach of the indemnity agreement and also as to the damage which he has alleged to have flowed from that breach. It is hereby ordered that Defendant Ralph Bouma shall have until April 20, 1973, to file a more definite statement of Counts Four, Five and Six of his counterclaim, or suffer their dismissal.

"Defendant Ralph Bouma shall be given no further consideration whatsoever for being unrepresented by counsel in this action. The court recognizes his right to represent himself but seriously questions his judgment in a case of apparently great magnitude and meaning to him. The court has no real interest or right in questioning his judgment or motives unless and until his conduct of his own case seriously approaches the point of hampering or impeding the administration of justice or the rights of other parties before the court. We are now at that point. Specific instances shall go uncited at this time, however it is apparent that in the past Mr. Bouma has used his lack of representation to his advantage in these proceedings and has also used the fact of his wife's representation also to his advantage. In the future, counsel for Mrs. Bouma will not be permitted to argue or otherwise participate in instances where she has no more than a tangential interest and Mr. Bouma has the direct interest. If Mr. Bouma wishes to continue to represent himself that is his privilege, however henceforth he will be held to the same high standards of knowledge and skill and ethics as an attorney and officer of this court.

"II.

"On September 22, 1972, Defendant Ralph Bouma filed herein what he denominated as a 'cross-claim' against Ray Lightner and Mrs. Ray Lightner, his wife, neither of whom were parties to this action. On February 26, 1973, the said Lightners filed a combined motion seeking to dismiss said 'cross-claim' for its failure to state a claim upon which relief could be granted, and upon several other grounds enumerated in said motion, and also seeking to strike said 'cross-claim' as being redundant, immaterial, impertinent and scandalous in several enumerated respects, and also seeking a more definite statement. On March 16, 1973, Defendant Ralph Bouma filed a motion to quash said combined motion.

"On November 28, 1972, Defendant Ralph Bouma filed herein what he denominated a 'cross-claim' against the Farmers State Bank of Conrad, Earl M. Berthelson and the United Bank of Pueblo, none of which were parties hereto. On December 18, 1972, the Farmers State Bank and Mr. Berthelson filed alternative motions to strike or dismiss said 'cross-claim' and on December 19, 1972, the United Bank of Pueblo filed its motion to dismiss for want of jurisdiction. On December 21, 1972, separate memoranda were filed in support of said motions. On February 7, 1973, Defendant Ralph Bouma filed a motion to quash these motions of the said banks and the said Mr. Berthelson, combined with the motion to quash Plaintiff's motions as hereinbefore referred to, together with a memorandum in support of said motion to quash. On February 14, 1973, the Farmers State Bank and Mr. Berthelson filed a joint

memorandum in opposition to Bouma's motion to quash and in support of their own motions, and on February 15, 1973, the United Bank of Pueblo filed a reply memorandum to Bouma's motion to quash.

"Neither Ralph Bouma nor the Lightners have requested a hearing upon the Lightners' motions nor Mr. Bouma's motion to quash them but the Court deems itself aware and informed sufficiently to rule from the face of said motions and the face of said 'cross-claim'. By order of the Court the motions of the Farmers State Bank of Conrad, Earl M. Berthelson and the United Bank of Pueblo, and Ralph Bouma's motions to quash said motions were set for hearing on March 1, 1973. The Court having considered the several motions of the parties, the memoranda in support thereof or opposition thereto, the arguments of Mr. Ray F. Koby, representing the Farmers State Bank and Earl M. Berthelson, Cresap S. McCracken representing the United Bank of Pueblo, Ralph Bouma representing himself and Gale Gustafson representing Mrs. Ralph Bouma (over the objection of Mr. McCracken and Mr. Koby), and the Court being cognizant of the condition and circumstances of the record in this cause and being fully informed in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

"(1)  The motion of Ralph Bouma to quash the motions of the Lightners, and the motion of Ralph Bouma to quash the motions of the Farmers State Bank, Earl M. Berthelson, and the United Bank of Pueblo are both hereby denied. Reference is made to paragraph I(1) of this Combined Order. The reasoning and results set forth there apply here. As stated in the McVay case hereinbefore referred to, such a motion is to be regarded as superfluous, frivolous, confusing and bad practice. Said motions have been taken by this Court to be memoranda in opposition to the motions sought to be quashed and have been read and considered by the Court.

"(2)  The motion of Ray Lightner and Mrs. Ray Lightner to strike the 'cross-claim' of Defendant Ralph Bouma is hereby granted. The motion of the Farmers State Bank of Conrad and Earl M. Berthelson to strike Ralph Bouma's 'cross-claim' is hereby granted. Ralph Bouma's 'cross-claim' as pertains to the United Bank of Pueblo is hereby stricken by this Court's own motion as provided by Rule 12(f) of the Montana Rules of Civil Procedure. Additionally, the motion of the Lightners for dismissal of said 'cross-claim' for its failure to state a claim is hereby granted. The motion of the Farmers State Bank and Mr. Berthelson to dismiss the 'cross-claim' against them for its failure to state a claim is hereby granted. And the motion of the United Bank of Pueblo to dismiss the 'cross-claim' as pertains to that bank for this Court's lack of jurisdiction over said bank and lack of jurisdiction over the subject matter is hereby granted. The remaining motions of the Lightners as set forth in their combined motions as filed herein on February 26, 1973, are deemed moot.

"Neither the Farmers State Bank, Earl M. Berthelson, United Bank of Pueblo, Ray Lightner nor Mrs. Ray Lightner are parties to this action. The Montana Rules of Civil Procedure do not permit nor even contemplate a cross-claim against a person or entity which is not a party. Neither 'cross-claim' cam be converted into a third party claim under Rule 14 of the Montana Rules of Civil Procedure as, in neither case, can the allegations or the relief sought be stretched to state that any of these nonparties are, or may be liable to Mr. Bouma for all or part of the Plaintiff's claim against Mr. Bouma. Furthermore, neither 'cross-claim' sets forth

- 5 -

facts entitling Ralph Bouma to any relief against the said non-parties. The relief sought in said 'cross-claim' is not such as would make the addition of any of said nonparties justifiable as necessary or proper parties.

"The allegations in the 'cross-claim' against the United Bank of Pueblo, are visibly devoid of any reference to said United Bank of Pueblo and do not support any claim for relief in favor of Ralph Bouma against said bank whatsoever. The 'summons' served upon the United Bank of Pueblo, within the State of Colorado is legally insufficient to obtain jurisdiction over said bank for want of meeting the minimum requirements of Montana Rules of Civil Procedure Rule 4C. Nothing in the pleadings, briefs, argument or judicial notice of this Court shows the United Bank of Pueblo to be subject to the jurisdiction of this Court in this proceeding under M.R.C.P. Rule 4B or otherwise. The relief sought against the United Bank of Pueblo, and against the Farmers State Bank of Conrad and Earl M. Berthelson are again attempts to set aside previous final judgments of this Court, with no jurisdictional deficiencies alleged, by a person who was not a party thereto. Such attempts are prohibited collateral attacks upon said judgments as set forth in paragraph I. of this Combined Order.

"III.

"On February 28, 1973, Defendant Ralph Bouma, along with Mrs. Ralph Bouma, filed a document entitled Motion to Quash and Motion For Substitution of Appearances. This motion sought an order quashing the motion by the Central Bank of Montana to deposit funds into court. That motion to quash was denied in this Court's order dated March 20, 1973, entitled Order Requiring Deposit of Money at Interest. The remainder of the motion seeks an order requiring a different law firm to be substituted as counsel for the Farmers State Bank in this action because of an alleged conflict of interest of said law firm from alleged previous representation of certain individuals not parties to this action, namely individual members of the Iverson family who were formerly stockholders in the corporation which is Plaintiff herein. These motions were noticed by the Boumas for hearing on March 1, 1973, the time set by the court for the hearing of other motions herein previously ruled upon. However, said motions were not served upon adversaries, particularly the Farmers State Bank, until March 1, 1973, at the hearing of said other motions. The Court at that time, prior to reading Bouma's memorandum, allowed counsel for the Farmers State Bank ten (10) days to file a memorandum in opposition to said motion, said memorandum having been filed herein on March 9, 1973. The court also allowed an additional ten (10) days for Ralph Bouma to file a responding memorandum in support of said motion, said memorandum having been filed herein on March 20, 1973. The court at that time also stated its intention to rule upon said motion from the briefs and memoranda submitted. The court having the full benefit of the aforesaid memoranda and being fully informed in the premises, IT IS HEREBY ORDERED that the motion for substitution of appearances filed herein by Ralph Bouma and Mrs. Ralph Bouma be, and hereby is denied. In so ruling, the court has attempted to retain its objectivity, continuing to assume that such motion was legitimately motivated, an exceedingly difficult task considering the motion is absurd in nature, irrelevant and scandalous in content and basely vituperative in tone. There is no place in our judicial system for such an undignified product even if a member of the bar had not

- 6 -

lent his name to it. This is true apart from the truth or falsity of the torrent of allegations set forth in Mr. Bouma's memoranda. The argument and authority set forth in the memorandum of Farmers State Bank in opposition to the Boumas' motion, at paragraph II. thereof, is well taken. Said motion is unauthorized and most impertinent and should properly be stricken from the record. Since the Court's ruling in paragraph II.(2) hereof renders the question of the representation of Farmers State Bank moot anyway, the Court's order of denial of the motion will suffice, with the caveat to Defendant Bouma and to any counsel for him or Mrs. Bouma that any future motions or pleadings filed herein with content of a similar nature or with similar apparent motivation will be stricken summarily and considered as contemptuous.

"On March 1, 1973, at the time of the aforementioned hearing, counsel for Mrs. Ralph Bouma herein, Dale L. Keil, presented to the court letters purportedly signed by Carl O. Iverson and Larry C. Iverson authorizing said counsel to additionally represent them in these proceedings. Said counsel then proceeded to file herein a motion by said persons to intervene in these proceedings pursuant to Rule 24 of the Montana Rules of Civil Procedure. Attached thereto was a proposed petition to be filed by said persons to set aside previous orders of this court, based upon similar or identical allegations to those set forth by Defendant Ralph Bouma as Counts One, Two, Three and Nine of his counterclaim against Plaintiff herein and the same or similar to those allegations contained in said Ralph Bouma's 'cross-claim' against the Farmers State Bank, Earl M. Berthelson, and the United Bank of Pueblo, all of which has been hereinbefore stricken and dismissed. On March 1, 1973, the Court allowed said counsel ten (10) days to file a brief in support of said motion to intervene and stated its intention to rule from briefs. Counsel for Carl O. Iverson and Larry C. Iverson filed such memorandum herein on March 12, 1973, and appended to it a notice of hearing upon said motion set for April 2, 1973. No such hearing has been set by the Court. Further, on March 16, 1973, counsel for said Iversons filed herein a document denominated a Proposed Motion for Disqualification of Counsel and to Set Aside. This seeks an order to disqualify the law firm representing the Farmers State Bank upon the same grounds as the motion denied to Defendant Ralph Bouma in the preceding paragraph and further seeks an order declaring previous orders of this Court null and void for said alleged conflicts of interest. Such proposed motion incorporates by reference all of the contents of the motion and the supporting memoranda and the argument pertaining to said motion for substitution of counsel by Ralph Bouma. The Court having considered the motion for intervention by Carl O. Iverson and Larry C. Iverson, together with the memorandum in support thereof, taking cognizance of Defendant Ralph Bouma's previous claims of a similar nature to the petition proposed, taking judicial notice of the final judgment of this court in Civil Actions No. 8221 and 8073 consolidated, and deeming itself fully informed and advised in the premises without further memoranda from possible opposing parties and without argument, IT IS HEREBY ORDERED AS FOLLOWS:

"1. That the notice of hearing upon said motion appended to the Iversons' memorandum is hereby stricken and any hearing which the Clerk of the above-entitled court may have docketed for said date is hereby vacated. Such notice was contrary to the stated intention of this Court, in open court. While the Court is not

adverse to scheduling hearings for parties upon proper request, a hearing and further argument upon this motion would be superfluous.

"2. The document entitled Proposed Motion For Disqualification of Counsel and To Set Aside, filed herein by Larry C. Iverson and Carl O. Iverson is hereby stricken. The Iversons are not parties to this action, but merely seeking to attain that status and as such have no standing to make any motions until they are parties. In addition, all that is set forth in paragraph III. herein is applicable here, especially since the Iversons propose to adopt by reference the entire Bouma motion in that regard. Simply because the Iversons would allege that said law firm at one time represented them would not add any sanction or dignity to such a motion. It is evident to the Court that such proposal, if allowed, is merely an attempt by Mr. Bouma to do indirectly what he cannot do directly.

"3. The motion of Carl O. Iverson and Larry C. Iverson to intervene in these proceedings is hereby denied. Nowhere in the motion or the supporting memorandum is it suggested that the Iversons have any more interest in these proceedings than the fact that at one time they were stockholders in the Plaintiff corporation. Judicial notice is properly taken of the aforementioned judgment of this Court in actions numbered 8221 and 8073 ruling that said persons are no longer stockholders nor officers nor directors of said corporation and therefore have no interest in it. The apparent sole purpose of intervention here is a collateral attack upon said judgment, and others of this Court, which, according to the proposed petition, contains no further enabling allegations than the previous collateral attacks which were dismissed hereinbefore. Additionally, such attempt to exert an interest in Larry C. Iverson, Inc. would appear to be contemptuous of paragraph 6 of the order of this Court dated April 7, 1971, and entered in Causes No. 8221 and 8073 consolidated.

"V.

"IT IS FURTHER ORDERED that any further attempts to file herein any documents substantially similar or identical to those dismissed or stricken by this Combined Order will be considered contemptuous unless preceded by a petition seeking leave of this Court to so file, and an order granting such leave.

"VI.

"Upon the Court's own motion IT IS HEREBY ORDERED that the demand or demands for jury trial filed herein are hereby stricken. The court is exercising its equity jurisdiction over these entire proceedings and it is therefore fundamental that there is no right to a jury trial for any party. The court may well exercise its discretion to call an advisory jury for any or all factual questions upon which it would desire assistance in determination. Due and sufficient notice will be given to all parties in that event."

The foregoing combined order says it all. The brief of appellants on appeal continues to use language, the nature of which the district judge described as "absurd in nature, irrelevant and scandalous in content and basely vituperative in tone."

The appellants assert three issues on appeal, which are stated as abstract questions and do not point out any error on the part of the trial

- 8 -

judge. Essentially a single issue is determinative of the appeal. That is

whether an order such as this striking portions of a pleading as being friv-

olous, impertinent and immaterial is appealable.

We hold that it is not.

The materials stricken have to do with matters previously ruled upon

in Cause No. 12387 heretofore referred to. In that opinion we said:

> "Extensive proceedings followed resulting in a sheriff's sale
> of the pledged corporate stock to plaintiff and a judgment
> for plaintiff on October 2, 1967, by the district court approv-
> ing the sale of the stock, although it allowed the corporation
> to prevent a forfeiture of its stock if its terms of its Aug-
> ust 22, 1966 'purchase of indebtedness' agreement made in
> open court were complied with by October 10, 1967. This com-
> pliance never occurred so the judgment became final.

> "From this judgment an appeal to this Court was taken by de-
> fendants but never perfected.

> "Up to this point it is to be noted that petitioners and
> appellants were not parties to this litigation, nor in any other
> causes of action being Nos. 8073 and 8221, Pondera County, both
> of which involve the appointment of a receiver for the Carl O.
> Iverson Corporation and operation of the corporate properties.

> "There is a cause of action however in which petitioners and
> appellants are involved as defendants, and that is cause No.
> 8509, Pondera County wherein the receiver of the Carl O. Iverson
> Corporation is seeking to have set aside a 'contract for deed'
> executed on July 17, 1968 by purported officers of the corpor-
> ation as seller to the petitioners as buyers, and a 'farm oper-
> ation' agreement between the corporation and petitioners and
> appellants dated June 16, 1967.

> "Now going back to the original action, cause No. 7779, from
> which this appeal found its beginning.

> "Commencing with July 1972, petitioners and appellants began
> filing in this proceeding certain documents now known as
> 'Bouma papers'. These papers consist of an affidavit of dis-
> qualification, petition to set aside judgment of October 2,
> 1967, motion for stay of proceedings, affidavit, application for
> oral hearing on motion, motion for advisory jury, brief in
> support of motion, motion to strike nonparties postjudgment,
> statement for the record and brief in support of motion to stay
> proceedings, all filed pro se.

> "On August 29, 1972 the district court entered its order, filed
> August 30, 1972, finding:

> "'all of said filings of said Ralph and Mrs. Ralph Bouma in said
> cause are frivolous, entirely without merit, and that Ralph
> Bouma and Mrs. Ralph Bouma are not entitled to any relief of
> whatever nature in said cause, and are strangers into said cause
> without any right whatever to be heard or otherwise participate
> therein;

- 9 -

"'NOW THEREFORE * * *

"' * * * they are hereby stricken from the above entitled cause as frivolous'.

"From this order petitioners and appellants have appealed to this Court and from the date of filing the notice of appeal, September 12, 1972, are finally, publicly and openly represented by counsel.

"We have experienced little difficulty in finding that the trial court was correct and we so hold."

From the foregoing it is clear that the matters stricken had been ruled upon before; and aside from their lack of relevancy were res judicata. Treating Boumas' pleadings stricken as an attempt to allege fraud, Ralph Bouma's only interest claimed was a lien for farm crop services which he claimed to have at one time rendered the corporation. No claim was alleged in any event.

It follows that an attempted appeal from an order striking portions of the pleadings is improper both on the merits and procedurally. In Volume 2A of Moore's Federal Practice, p. 2424, in discussing Rule 12, Motions to Strike, the author states: "* * * a mass of evidence unnecessarily pleaded, legal conclusions argued at length, paragraphs seeking to retry a previous action, or obviously sham matter may be striken." This fits the situation here. An order striking such matters is not appealable prior to final judgment. See State ex rel. G. F. Nat. Bk. v. District Court, 154 Mont. 336, 340, 463 P.2d 326.

This leaves as the only remaining issues the district court's order dismissing the stockholders of Larry C. Iverson, Inc. as determined in Pondera County Civil Action 8221; and dismissing as to Lightners. In all respects we affirm. The order previously quoted is adopted in its entirety.

We have not dealt with other matters appearing in the briefs such as charge of conflict of counsel, charges against other parties and counsel. We, like the district judge, have striven to remain objective. We have examined the record and caution counsel for appellants. A word to the wise should be sufficient.

Bouma is in possession of the productive farm land, harvesting the crops

therefrom; and it may be that the trial judge will have to fashion procedures to force the issue to trial on the merits. Contempt powers, impoundment of the funds derived from crops and other procedures should be sufficient for the trial judge to force the issue to trial.

Having examined the record, the issues and all other matters, we affirm the order.

_Wesley Castles_
Justice

We concur:

Chief Justice

_Frank I. Haswell_

_Gene B. Daly_

_John Conway Harrison_
Justice