No. 13685

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

LARRY L. PHILLIPS,

        Plaintiff and Appellant,

  v.

THE MONTANA EDUCATION ASSOCIATION,
a non-profit corporation, et al.,

        Defendants and Respondents.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

    For Appellant:

        McKittrick & Duffy, Great Falls, Montana
        Carroll Blend argued, Great Falls, Montana

    For Respondents:

        Jardine, Stevenson, Blewett & Weaver, Great Falls, Montana
        Hilley & Loring, Great Falls, Montana
        Alexander Blewett III, argued, Great Falls, Montana

---

Submitted:  June 8, 1977

Decided:  JUN 22 1977

Filed: JUN 22 1977

*Thomas J. Kearney*
         Clerk.

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff Larry L. Phillips brought this action in the district court against defendant Montana Education Association, a non-profit corporation, et al., to recover damages for termination of his contract of employment as executive secretary of defendant association.

The district court granted a motion to strike a portion of Count V of the complaint relating to attorney fees, and also to strike Paragraph 8 of Count II, seeking exemplary damages. Plaintiff appealed this order of the district court.

Defendant association (MEA) filed a motion with this Court to dismiss plaintiff's appeal as the order appealed from is not an appealable order under Rule No. 1, M.R.App.Civ.P.

Briefs were filed and oral arguments had on Wednesday, June 8, 1977. The Court took the matter under advisement.

Rule No. 1, M.R.App.Civ.P., provides in pertinent part:

"Rule 1. Scope of rules--From what judgment or order an appeal may be taken.

"These rules govern procedure in appeals in civil cases to the supreme court of Montana from Montana district courts and original proceedings in the supreme court of Montana. The party applying for original relief is known as the petitioner and the adverse party as the defendant. The party appealing is known as the appellant, and the adverse party as the respondent.

"A party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:

"(a) From a _final judgment_ entered in an action or special proceeding commenced in a district court, or brought into a district court from another court or administrative body." (Emphasis added.)

In light of this rule, the question becomes whether or not an order granting a motion to strike certain portions of a plaintiff's complaint is a "final judgment" and hence appealable. This question was answered in the negative by this Court in two separate decisions.

1) In State ex rel. Great Falls National Bank v. District Court, 154 Mont. 336, 340, 463 P.2d 326, this Court in reference to an order of the district court striking material from the pleadings, stated:

> "The first issue involves procedural matters * * *. (1) the order striking two defenses from its answer, viz. plaintiff's own acts and omissions were the sole proximate cause of the accident, and (2) the order granting plaintiff summary judgment on the issue of liability. These orders are not directly appealable, neither being denominated an appealable order in Rule 1, M.R.App.Civ.P., presumably because each is interlocutory in character and reviewable on appeal from final judgment." (Emphasis added.)

2) In Campanella v. Bouma, 164 Mont. 214, 227, 229, 520 P.2d 1073, this Court, in determining the issue of appealability of an order granting a motion to strike, said:

> "* * * Essentially a single issue is determinative of the appeal. That is whether an order such as this striking portions of a pleading as being frivolous, impertinent and immaterial is appealable.
>
> "We hold that it is not.
>
> "* * *
>
> "* * * An order striking such matters is not appealable prior to final judgment."

The motion of defendant MEA to dismiss this appeal is granted and the cause ordered remanded to the district court for further proceedings.

_____
Justice

- 3 -

We Concur:

_Frank I. Haswell_

_John Conway Harrison_

_Daniel J. Shea_
Justices.

. . . . . . . . .

Mr. Chief Justice Paul G. Hatfield deeming himself dis-
qualified, did not participate in this Opinion

. . . . . . . . .