JOHN FREEMAN ORSO, Plaintiff-Appellee, Cross-Appellant v. CITY AND COUNTY OF HONOLULU, a municipal corporation, Defendant-Appellant, Cross-Appellee

No. 5428

October 3, 1973

RICHARDSON, C. J., MARUMOTO, ABE, KOBAYASHI, JJ., and CIRCUIT JUDGE FUKUSHIMA IN PLACE OF LEVINSON, J., DISQUALIFIED

*Per Curiam.* Plaintiff-appellee, cross-appellant John Freeman Orso moved to strike from the opening brief of defendant-appellant, cross-appellee City and County of Honolulu appendices and all references therein to matters allegedly contained in the final argument of counsel for plaintiff-appellee, cross-appellant, on the ground that they are totally outside the records and files in the above entitled matter.

The motion is hereby granted.

H.R.C.P., Rule 75(a) provides: *"Composition of the Record on Appeal.* The original papers and exhibits filed in the circuit court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the circuit court shall constitute the record on appeal in all cases."

H.R.C.P., Rule 75(c) provides: *"Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript is Unavailable.* If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means,

including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within 10 days after service. Thereupon a statement and any objection to proposed amendments shall be submitted to the circuit court for settlement and approval and as settled and approved shall be included by the clerk of the circuit court in the record on appeal."

Rule 3(b)(5) of the rules of this court requires, *inter alia,* that opening briefs contain "[a] concise statement of the points on which appellant intends to rely, set forth in separate numbered paragraphs. Each point shall refer to the alleged error upon which appellant intends to rely and shall show the manner in which it is raised, with a reference to the record where the same may be found."

These rules are clear. Matters outside the trial record, unless settled and approved by the trial court, pursuant to H.R.C.P., Rule 75(c), may neither be appended nor referred to in appellate brief.

3A Barron & Holtzoff, Federal Practice & Procedure § 1590 (Rules ed. 1958), states the general rule: "Matters not appearing in the record will not be considered by the court of appeals, unless the occurrence thereof is conceded by the parties. Thus a question involving evidence not in the record cannot be reviewed on appeal."

The matter was elaborated upon in *State v. Onishi,* 53 Haw. 593, 597, 499 P.2d 657, 660 (1972), where this court stated:

"On this appeal, we must review the circuit court judgment upon the evidence contained in the record, not upon matters outside of the record which were improperly presented to this court. * * *

" * * * *

"The defense counsel attached to the opening brief on appeal, as appendices thereto, copies of the search warrant * * * [and] affidavits * * * in support of the search warrant; and the return of the search warrant. Those documents were not in the file * * * when the circuit court heard the motion to suppress, were not introduced in evidence at the hearing on the motion, were not

mentioned in the designation of contents of record on appeal, and were not included in the record certified to this court. Consequently, they were improperly attached to the brief, and we may not consider the same, or any contents thereof, except to the extent disclosed in the testimony * * * ."

In this case, defendant-appellant City and County attached as Appendix A an affidavit of the acting deputy corporation counsel who served as defendant's trial counsel. The affidavit set forth the affiant's "best recollection" of a portion of the final argument of plaintiff-appellee's counsel to the jury. No part of the final argument is contained in the record. Appendix B consists of six newspaper articles of which only Exhibit B(3) is contained in the record.

We have noticed in two other cases which came before this court recently counsel for governmental agency indulging in the practice of attaching matters not in the record as appendices to the brief. Such a practice cannot be tolerated.

Defendant-appellant, cross-appellee City and County of Honolulu is hereby ordered to file on or before October 19, 1973, a new opening brief without Exhibits A and B, and eliminating all references to those exhibits, except Exhibit B(3) which is in the record, and all references to the final argument of plaintiff-appellee's counsel.

*David C. Schutter*, for plaintiff-appellee, cross-appellant, for the motion.

*Charles F. Marsland, Jr.*, Deputy Corporation Counsel, for defendant-appellant, cross-appellee, contra.