**L.L.M., Appellant,**

v.

**P.M., Appellee.**

No. S–1901.

Supreme Court of Alaska.

Nov. 13, 1987.

William T. Ford and Holly B. Leinweber, Law Offices of William T. Ford, Anchorage, for appellant.

Thomas A. Miller, Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION AND ORDER

BURKE, Justice.

The appellant in this action has filed a brief claiming, in part, that the trial court erred in not admitting evidence relevant to the question of visitation between appellee and the parties' minor children. Specifically, appellant argues that the court erred in not permitting the children to testify; the children are alleged to have complained about certain aspects of appellee's behavior, including instances of "sexual exhibitionist conduct."[1]

Attached to appellant's brief are a number of photographs ("Appendix A"), which appellant claims are "independent photographic evidence" of such behavior, which will "corroborate what the children were complaining about."[2] Also attached is an affidavit ("Affidavit of Counsel") signed by William T. Ford, one of the attorneys representing appellant, stating that these photographs are copies of pictures that a neighbor gave to Ford after appellant and appellee were divorced; the neighbor, according to the affidavit, participated in the "photo taking sessions" that produced the photographs.

In the proceedings below Ford did ask the trial court to "look at" certain photographs,[3] but he told the court that he was "not going to submit them into evidence." Thus, neither the photographs nor the "evidence" contained in Ford's affidavit concerning their origin and authenticity are part of the record in this case.[4] This being so, the attachment of these items to appellant's brief is a "back door" attempt to bring before this court evidence that it should not consider. *Orso v. City and County of Honolulu,* 55 Haw. 37, 514 P.2d 859 (1973); *Farmers State Bank of Conrad v. Iverson,* 162 Mont. 130, 509 P.2d 839 (1973). This, although perhaps a common practice, is a practice that is not permitted by Alaska's Appellate Rules.

Appellate Rule 210 provides, in part:

---

1. There are also alleged complaints of alcoholism and driving while intoxicated.

2. Several of the photographs show a woman, allegedly appellee, engaged in acts of fellatio; others show her posing in such fashion as to display her private parts to the camera.

3. These photographs, presumably, are the same photographs attached to appellant's brief, although there is no direct proof that this is the case. Ford never asked to have the photographs marked as an exhibit or otherwise identified for the record.

4. Given the equivocal form of Ford's "offer of proof," it is not surprising that the trial court declined to look at the photographs; had it done so, it might later have been accused of basing its decision, partly, upon matters not in evidence.

All matters essential to the decision of the questions presented by the appeal must be included in the record on appeal, and all matters not essential to the decision of such questions shall be omitted; and the appellate court will consider *nothing but those parts of the record so designated.*

Rule 210(d), Alaska R.App.P. (emphasis added). The "record," for these purposes, consists of the "original papers, exhibits and transcript," designated by means described in the Appellate Rules, and prepared and certified by the clerk of the trial courts. Rule 210(f), Alaska R.App.P. Appellate Rule 212 provides, among other things, that the appellant's brief shall contain "a statement of the facts relevant to the issues presented for review *with appropriate references to the record*" and appellant's argument "with citations to the authorities, statutes *and parts of the record relied on.*" Rule 212(c)(1)[g] and [i], Alaska R.App.P. (emphasis added). Moreover, these references must be "to specific pages *of the record,*" Rule 212(c)(8), Alaska R.App.P. (emphasis added).

The foregoing rules, we believe, are clear: evidence outside the record may "neither be appended nor referred to" in an appellate brief. *Orso v. City and County of Honolulu,* 514 P.2d at 860. Accordingly, the attachments to appellant's brief, designated "Appendix A" and "Affidavit of Counsel," shall be stricken.

SO ORDERED. Our decision on the merits will be announced at a later date.