**William H. BRECK, Appellant,**

v.

**STATE of Alaska, DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION, Appellee.**

**STATE of Alaska, DEPARTMENT OF LABOR, EMPLOYMENT SECURITY DIVISION, Petitioner,**

v.

**BIG EDDIES, INC., Edgar K. Oakes, Francis A. West, Michael L. Smith, Respondents.**

**Nos. S-4947, S-5065.**

Supreme Court of Alaska.

Nov. 5, 1993.

William H. Breck, pro se.

Julia T. Coster, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellee/petitioner.

Thomas J. Yerbich, Anchorage, for respondents.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

## I. INTRODUCTION

In these consolidated cases we hold that corporate officers who exercise significant control over a corporation's finances may be held personally liable for the entire contribution owed by the corporation under the Alaska Employment Security Act.

## II. FACTS AND PROCEEDINGS

### A. *Breck v. State, Case No. S–4947*

Financial Planning Associates, Inc. ("Financial Planning") failed to pay its employment security taxes for the third quarter of 1984. The Employment Security Division (ESD) sent Financial Planning a notice of assessment in January 1985 for taxes due. Financial Planning neither appealed nor paid the late taxes.

In August 1989, the ESD sent a notice of assessment to William Breck, who was the president, chief executive officer, and principal shareholder of Financial Planning during the period of delinquency. Breck appealed to the Commissioner of the Department of Labor, who affirmed the assessment. The superior court affirmed the Commissioner's decision. Breck appeals.

### B. *State v. Big Eddies, Case No. S–5065*

Big Eddies, Inc., (Big Eddies) was a restaurant located in Wasilla, Alaska. Big Eddies was delinquent in paying employ-

ment security taxes from the first quarter of 1986 through the third quarter of 1987. Big Eddies is indebted to ESD in the total amount of $25,346.12.[1]

Edgar Oakes was the president, director and 81% owner of Big Eddies during the period of delinquency. Oakes signed four of Big Eddies' six quarterly tax reports. These reports were filed with the ESD without payment of the taxes due.

The ESD brought an action against Big Eddies and Oakes to recover the delinquent contributions, plus interest and penalties under the Alaska Employment Security Act. AS 23.20. The district court held that Oakes was liable only for $2,031.86, the employee portion of the contributions. After the superior court affirmed, ESD filed a petition for hearing, which we granted.

## III. DISCUSSION

Under the Alaska Employment Security Act, AS 23.20., employers are required to pay the State of Alaska employment security contributions based on the wages paid to their employees. AS 23.20.165. Employees pay a portion of the contributions through withholdings that are taken from their wages by their employers. AS 23.20.-165(c). Employers also pay a portion of the contributions. AS 23.20.165(a). Employers are required to make quarterly contributions to the ESD and file quarterly contribution reports. 8 Alaska Administrative Code 85.030.

The collections section of the Employment Security Act provides in part:

(a) If after notice an employer defaults in the payment of contribution or interest, the amount due may be collected by a person authorized by law and autho-

rized by the department, by civil action in the name of the State, or by both methods.... An employer who is liable shall pay the cost of the collection, including collection fees charged and the costs of legal action.

.    .    .    .    .

(f) In this section, "employer" ... includes, but is not limited to, an officer or employee of a corporation or a member or employee of a partnership who, as an officer, employee, or member, is under a duty to pay the contributions as required by (a) of this section.

AS 23.20.240. By their plain language, these subsections hold corporate officers and employees personally liable for the entire contribution due so long as their responsibilities include making certain that the taxes are paid by the corporation. Contrary to the district court's interpretation in *Big Eddies*, AS 23.20.240 contains no language from which it could reasonably be inferred that the ESD may only collect the employee portion of the tax from corporate officers or employees. The statute does not differentiate between the employer and employee portions of the contribution. Rather, it clearly and unambiguously empowers the ESD to collect the entire "amount due" from the responsible corporate officers and employees.

Alaska Statute 23.20.240(f) is not overly broad in that it does not impose liability on every officer or employee of a corporation. Liability is imposed only if the official has a duty to pay the contributions on behalf of the corporation. Federal courts, construing federal statutes which similarly impose personal liability on corporate officers,[2] have extended liability to those officers "who are so connected with a corporation as to have the responsibility and authority

1. Unpaid contributions amount to $15,560.54. Interest due for the period of delinquency is $8,196.15. Additionally, $1,589.43 is due for penalties.

2. 26 U.S.C. § 6672(a) imposes personal liability on

[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such

tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof....

Section 6671(b) defines "person" as

an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

to avoid the default which constitutes a violation." *White v. United States,* 372 F.2d 513, 516 (Ct.Cl.1967).

As the case law makes abundantly clear, a person's "duty" under [26 U.S.C.] § 6672 must be viewed in light of his [or her] power to compel or prohibit the allocation of corporate funds. It is a test of substance, not form. Thus, where a person has authority to sign checks of the corporation ... or to prevent their issuance by denying a necessary signature ... or where the person controls the disbursement of the payroll ... or controls the voting stock of the corporation ... he [or she] will generally be held "responsible."

*Godfrey v. United States,* 748 F.2d 1568, 1576 (Fed.Cir.1984). The key to liability is "significant control or authority over an enterprise's finances or general decision-making." *Ruth v. United States,* 823 F.2d 1091, 1094 (7th Cir.1987).

We find this reasoning persuasive and hold that personal liability will attach under AS 23.20.240 only to those corporate officers or employees who have significant control over a corporation's finances and who are in a position to see that the corporation pays the taxes owed. Both litigants before us now satisfy this test. Breck was the president, chief executive officer, and principal shareholder of Financial Planning when the taxes accrued. He had control of and responsibility for corporate accounting and was charged with responsibility for the proper use and application of corporate funds. Finally, Breck was the corporate officer responsible for submitting reports to the ESD. Given these facts, we conclude that Breck had significant control over Financial Planning's finances and is, therefore, personally liable for its unpaid employment security contributions.[3]

---

**3.** Breck argues that he was under no duty to pay the contributions because he was no longer employed by Financial Planning when the corporation went into default liquidation. This argument was not presented at the administrative hearing, the superior court, or in Breck's statement of points on appeal. We will, therefore, not consider it here. *See L.L.M. v. P.M.,* 745 P.2d 599 (Alaska 1987).

Oakes was the president, director, and majority shareholder of Big Eddies during the time the taxes accrued. Oakes was a signatory on the corporate bank account and made direct payments to creditors. Oakes also signed four of the six quarterly tax reports filed by Big Eddies that went unpaid. Given these undisputed facts, we hold as a matter of law that Oakes had significant control over Big Eddies' finances and was responsible for insuring that these taxes were paid. In other words, Oakes was "under a duty" to pay the contributions for the corporation and failed to do so. Thus, pursuant to AS 23.20.240, Oakes is personally liable for the entire unpaid employment security obligation owed by Big Eddies.

## IV. CONCLUSION

We AFFIRM the superior court's decision in Case No. S–4947. We REVERSE the district court's decision in Case No. S–5065 and VACATE the attorney's fees award.

Breck also argues that AS 23.20.240(f) is void for vagueness and susceptible to arbitrary enforcement, and that the ESD's application of AS 23.20.240(a) and (f) to Breck violated his state and federal due process rights. We consider these arguments to be without merit.