**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000445
10-JUL-2019
09:06 AM**

NO. CAAP-16-0000445

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


RH, Plaintiff-Appellant, v.
MH, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 15-1-088K)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Leonard and Reifurth, JJ.)

This appeal arises out of post-judgment proceedings following the entry of a divorce decree. Plaintiff-Appellant RH ("Father") and Defendant-Appellee MH ("Mother") were divorced on August 25, 2015. Among other things, the divorce decree awarded Father and Mother with joint legal custody of the parties' two children ("Son" and "Daughter") born during the marriage, awarded Mother with physical custody of Son, and awarded Father with physical custody of Daughter.

On November 12, 2015, Father filed a Motion and Affidavit for Order to Show Cause and Relief After Order or Decree ("Motion"), asking the Family Court of the Third Circuit ("Family Court") to reduce his child support for Son and spousal support for Mother. On April 11, 2016, the Family Court[1] held a hearing on Father's Motion, took the matter under advisement, and urged the parties to resolve the matter themselves. When the parties did not resolve the matter, the Family Court issued the May 23, 2016 Order Granting In Part and Denying In Part Motion

---

[1] The Honorable Peter Bresciani presided.

and Affidavit for Order to Show Cause and Relief After Order or Decree Filed November 12, 2015 ("Order")[2], which provided the following relevant findings of fact ("FOF"):

3. At the hearing on this matter, petitioner testified that he never in fact received a salary of $6,000.00 per month but in fact his salary was $4,800 per month. However, the Business Agreement submitted by petitioner indicates that petitioner had agreed to take a pay cut from a gross of $6,000 to month to $4,000.00 per month "for the next year." This agreement was signed October 28th 2015 by the petitioner and October 30, 2015 by Mr. Booku.

4. Petitioner also testified that Hawaiian Walkways pays him $1,200 per month for rent for parking certain vehicles at his home.

The Order also provided the following relevant conclusions of law ("COL"):[3]

1. The evidence on Petitioner's income comes from his testimony and the business agreement with no check stubs, pay slips or other documentation to support the testimony. The testimony itself is highly contradictory. During his divorce he claimed to make, $6,000.00 per month. A[t] the hearing he testified that he never made $6,000 per month but only $4,800 per month. Yet the Business Agreement indicates that his salary was being reduced for $6,000.00 per month to $4,000.00 per month. No explanation was given as to why a writing was needed to reduce Petitioner's salary for $6,000.00 per month to $4,000.00 per month if in fact he was only being paid $4,800 per month, or why the writing did not reduce his salary for $4,800 to $4,000. Even if the original $6,000 per month income was the total of a $4,800 salary and $1,200 rent, the reduction of income to $4,000 does not make sense as Petitioner claims to presently have a $4,000 salary plus a rental income of $1,200. Given the contradictory evidence and the lack of supporting documentation, the court can not find by a preponderance of the evidence that the Petitioner's income has changed. While Respondent's income has changed, some change was contemplated in that alimony was to continue even if Respondent remarried. Given both of these factors, the court does not find a change in circumstances to justify a modification of alimony.

. . . .

[3]. Petitioner has a gross income of $6,000.00 per month less $2,284 in alimony leaving $3716. ($6000 - $2284 = $3716.) The court finds respondents gross income to be $1,500 + $2,284 (alimony) = $3,784. Given these

[2] The Honorable Henry T. Nakamoto presided at the May 23, 2016 hearing, but read the findings of fact, conclusions of law, and order written by Judge Bresciani.

[3] Some of the COLs are a combination of FOF and COL. Also, COL 3 was mislabled as a second COL 2 in the Order.

figures and each having one child, the child support
obligations of each party are the same and neither
party will pay child support to the other.

Father timely appealed.

On appeal, we construe Father's points of error as follows:

(1) The Circuit Court erred in its FOF 3 and COL 1 because it incorrectly found and concluded that Father had not provided enough explanation as to why the claim of $6,000 was reduced to $4,000;

(2) The Circuit Court erred in its COL 1 because it incorrectly concluded that Father provided no check stubs in his evidence at trial;

(3) The Circuit Court erred in its FOF 4 because it incorrectly found that Father received a rental income of $1,200; and

(4) The Circuit Court erred in its COL 3 because it incorrectly stated that Father had only one child.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Father's points of error as follows and affirm.

As a preliminary matter, Father's opening brief fails to adhere to the requirements of Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 28(b).[4] The opening brief does not contain the required concise statement of the case, or any references to the record. Haw. R. App. P. 28(b)(3); *Kamaka v. Goodsill Anderson Quinn & Stifel*, 117 Hawaiʻi 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008). It also does not have properly asserted points of error, citation to legal authority, or cogent arguments. Haw. R. App. P. 28(b)(4),(7). Further, in contravention of HRAP Rule 28(b)(10), Father attached documents to his opening brief that are not part of the record on appeal, which we must disregard unless otherwise specified by HRAP. *See*

---

[4]     Furthermore, Father did not order transcripts as required by HRAP 10(b). "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." *Bettencourt v. Bettencourt*, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) (brackets omitted). The transcript of trial proceedings are not always necessary, however, if it is "possible to determine that the court erred without recourse to the transcript." *Thomas-Yukimura v. Yukimura*, 130 Hawaiʻi 1, 10 n.19, 304 P.3d 1182, 1191 n.19 (2013).

*Orso v. City & Cty. of Honolulu*, 55 Hawaiʻi 37, 38, 514 P.2d 859, 860 (1973). The failure to conform to HRAP 28(b) itself is an adequate basis to affirm the judgment of the trial court. *Bettencourt*, 80 Hawaiʻi at 228, 909 P.2d at 556. Nevertheless, we "consistently adhere[] to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible'" despite noncompliance with HRAP Rule 28. *Morgan v. Planning Dep't*, 104 Hawaiʻi 173, 180-81, 86 P.3d 982, 989-90 (2004) (quoting *O'Connor v. Diocesce of Honolulu*, 77 Hawaiʻi at 383, 386, 885 P.2d at 361, 364 (1994)).

(1 & 2) In his first and second points of error, Father asserts that the Family Court erred in its COL 1 when it found that he did not submit "check stubs, pay slips or other documentation to support [his] testimony[,]" and concluded that he had failed to sufficiently explain his contention that his pay had been reduced. We agree with Father that the Family Court erred when it found that Father did not submit "check stubs, pay slips or other documentation to support the testimony". Though this statement was included in COL 1, the statement itself was a finding of fact and not a conclusion of law. Findings of fact are reviewable under the clearly erroneous standard, and are erroneous when the record lacks substantial evidence to support them. *Chen v. Hoeflinger*, 127 Hawaiʻi 346, 354, 279 P.3d 11, 19 (App. 2012) (citing and quoting *Inoue v. Inoue*, 118 Hawaiʻi 86, 92-93, 185 P.3d 834, 840-41 (App. 2008)). Contrary to the finding, Father submitted two check stubs that showed that he was paid $4,000 for the month of February. Thus, the Family Court erred when it found that Father failed to provide pay stubs. The error was harmless, however, when it had no apparent bearing on the court's subsequent conclusions, which, as discussed below, we conclude were correct. *See DL v. CL*, No. CAAP-18-0000211, 2019 WL 968052 at *6 (Haw. Ct. App. Feb. 28, 2019) (holding in a custody proceeding that minor errors in a court's findings that are harmless do not warrant relief (citing *Dupree v. Hiraga*, 121 Hawaiʻi 297, 320 n.28, 219 P.3d 1084, 1107 n.28 (2009); *Kahawaiolaa v. United Airlines, Inc.*, No. 30580, 2012 WL 54497 at *2 (Haw. Ct. App. Jan. 9, 2012) ("Regardless of whether LIRAB's

4

FOFs 14 and 15 are clearly erroneous, any error was harmless");
*Kawamoto v. NHC, Inc.*, No. 29295, 2009 WL 3350309 at *5 (Haw. Ct.
App. Oct. 19, 2009) (stating that a challenged LIRAB finding
played no "meaningful role" in LIRAB's determination regarding
claimant's injury and thus any potential error was harmless))).

The Family Court did not err when it concluded in COL 1
that the evidence at the hearing on the subject was
contradictory, and that there was no demonstrated change in
circumstances to justify a modification of alimony.  We review
COL 1 *de novo*, under the right/wrong standard.  *Fisher v. Fisher*,
111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting *In re Doe*,
95 Hawaiʻi 183, 190, 20 P.3d 616, 623 (2001)).  "[A] COL that is
supported by the trial court's FOFs and that reflects an
application of the correct rule of law will not be overturned."
*Schiller v. Schiller*, 120 Hawaiʻi 283, 288, 205 P.3d 548, 553
(App. 2009) (quoting *Chun v. Bd. of Trs. of the Employees' Ret.
Sys. of the State of Hawaiʻi*, 106 Hawaiʻi 416, 430, 106 P.3d 339,
353 (2005)).  As the moving party, Father had the burden of
proving that he was entitled to a modification in spousal
support.  *Saromines v. Saromines*, 3 Hawaiʻi App. 20, 28, 641 P.2d
1342, 1348 (1982).  Father had to show that the "relevant
circumstances that are proven to exist at the time of the
modification hearing are materially different from [his] relevant
circumstances that were proven to exist when the family court
entered its spousal support order."  *Vorfeld v. Vorfeld*, 8 Haw.
App. 391, 402, 804 P.2d 891, 897 (1991).

In this case, there were sufficient findings of fact to
support COL 1, namely that: (1) Father's evidence of change in
income was contradictory;[5] and, (2) the alimony that was

---

[5]     In FOF 1, the Family Court found that at the time of the divorce,
Father claimed he made $6,000 per month.  This amount was also reflected in
the Income and Expense Statement filed on May 19, 2015.  Father does not
challenge FOF 1.

In FOF 3, the Family Court found that Father testified at the
April 11, 2016 hearing on his Motion that he was making $4,800 per month and
not $6,000 per month.  In his opening brief, Father attempts to explain this
by stating that he was supposed to be making $6,000 per month from April 2013
onwards but was being paid only $4,800, which he claims is the net amount he
would be paid if taxes were taken out of his full $6,000 per month salary.  He
states that he said he made $6,000 per month because that is what he was
(continued...)

originally granted contemplated subsequent change as it was to continue even if Mother got remarried.[6/] Thus, we do not find that the Family Court erred when it concluded that there was no material change in circumstances that justified a modification in alimony.

(3) Father argues that the Family Court erred when it found that he receives a rental income of $1,200 from Hawaiian Walkways for allowing vehicles to be parked at his home because he receives only $1,000 in rental income, which partly offsets the $2,200 per month in rent that he owes. We cannot consider the rental lease attached to Father's opening brief as an exhibit because it is not part of the record on appeal. *See Orso*, 55 Hawai'i at 38, 514 P.2d at 860. Father failed to meet his burden of providing an adequate record to show error because there is no evidence in the record to show that Father receives a rental income of $1,000 and not $1,200 as per FOF 4. Without any contrary proof in the record, we cannot find that the Family Court erred when it found that Father receives $1,200 monthly in rental income.

(4) Father asserts that the Family Court erred when it

---

[5/] (...continued)
supposed to be paid. Father does not challenge the part of FOF 3 finding that he testified that he made only $4,800.

Father then signed the Business Agreement, which states that his pay would be reduced from $6,000 per month, which he allegedly was never paid, to $4,000 per month for the next year. The Family Court noted this in COL 1 and stated that "[n]o explanation was given as to why a writing was needed to reduce" Father's salary from $6,000 or why the agreement did not state that his pay was being reduced from $4,800.

The minutes of the hearing on April 11, 2016 indicate that the Family Court ruled that "any adjustment the court would make in the alimony is going to be based on the difference between $4,800 to $4,000." As noted in FOF 4, Father was also receiving rental income of $1,200 per month. Though this FOF is challenged by Father in this appeal, there is nothing in the record that proves that he was not receiving this income, and we conclude that the court did not err in using $1,200 as Father's rental income under the circumstances presented.

[6/] Father had previously agreed to be bound to pay spousal support for 129 months with the last payment on May 30, 2026, after Son turned 18, irrespective of Mother's marital status.

stated in COL 3 that each party has one child.[2] In COL 3, however, the Family Court was discussing the physical custody arrangement, which gave physical custody of Daughter to Father and of Son to Mother. Thus, the Family Court did not err.

Therefore, the May 23, 2016 Order is affirmed.

DATED: Honolulu, Hawai'i, July 10, 2019.

On the briefs:

RH
Self-represented Plaintiff-
Appellant.

Donald A. Ellison
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2] As with Father's first and second points of error above, the point here is directed to a finding of fact which the Family Court included within its conclusion of law. In this instance, however, the court did not err with regard to either the finding or the conclusion.