**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000647
28-APR-2026
08:33 AM
Dkt. 61 SO**

NO. CAAP-24-0000647

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

JILL SONG, Petitioner-Appellee,
v.
CARTER MANSELL and SKYLER OBREGON, Respondents-Appellees;
and MICHAEL MANSELL, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH & SOUTH HILO DIVISION
(CASE NO. 3DSS-24-0000510)

### SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Self-represented Respondent-Appellant Michael Mansell

(**Mansell**) appeals from the September 6, 2024 "Order Granting

Petition for Injunction Against Harassment[ as to Mansell]"

(**Injunction Order**), entered by the District Court of the Third

Circuit[1] (**district court**).

In the underlying proceeding, Petitioner-Appellee Jill

Song (**Song**) filed a "Petition for Ex Parte Temporary Restraining

---

[1]     The Honorable M. Kanani Laubach presided.

Order and for Injunction Against Harassment" (**Petition**) against Mansell and Respondents-Appellees Carter Mansell (**Carter**) and Skyler Obregon.

Mansell asserts three points of error on appeal, contending that the district court erred by: (1) "allowing [Song's attorney] to practice improper legal tactics such as harassment and intimidation of the appellate [sic] in and out of the courtroom prohibiting Appellate [sic] from providing an adequate defense on his behalf"; (2) "allowing [Song's attorney] to provide defense for [Song] against Appellate [sic] after [Song's attorney] was instructed by Hawaii Police Department not to have any contact with Appellate [sic]"; and (3) "granting the restraining order against Appellate [sic] when Appellate [sic] had never seen, nor had any interaction, with [Song] prior to her court appearance."

Upon careful review of the record, Mansell's opening brief,[2] and the relevant legal authorities, we resolve Mansell's points of error as follows:

(1) We decline to address Mansell's first and second points of error. Mansell contends that the district court erred by allowing Song's attorney "to practice improper legal tactics such as harassment and intimidation" against him, and by

_____

[2]     Song did not file an answering brief.

permitting Song's attorney to continue to represent Song.  The transcript for the hearing on Song's Petition is not in the record, and the record does not reflect that these issues were raised by Mansell, argued by the parties, or considered by the district court.  See Orso v. City & Cnty. of Honolulu, 55 Haw. 37, 38, 514 P.2d 859, 860 (1973) ("Matters not appearing in the record will not be considered by the court of appeals, unless the occurrence thereof is conceded by the parties.  Thus[,] a question involving evidence not in the record cannot be reviewed on appeal."  (citation omitted)).

(2) Mansell's third point of error contends that the district court erred in granting Song's Petition.  Mansell appears to dispute that the evidence Song produced is sufficient to support the Injunction Order.  "Whether there was substantial evidence to support an injunction against an alleged harasser is reviewed under the clearly erroneous standard."  Duarte v. Young, 134 Hawaiʻi 459, 462, 342 P.3d 878, 881 (App. 2014) (cleaned up).

It appears that Song produced evidence at the hearing to support her Petition.  As pointed out, supra, the hearing transcript is not in the record.  Nor does Mansell point to any evidence in the record establishing that he "had never seen" nor "had any interaction with" Song, and that he "did not drive past

her house."  We are therefore unable to discern any basis for Mansell's contention that the district court erred in granting the Injunction Order.

For the foregoing reasons, we affirm the Injunction Order.

DATED: Honolulu, Hawaiʻi, April 28, 2026.

On the brief:

Michael Mansell,
Self-Represented
Respondent-Appellant.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge